DOYLE LOWTHER LLP
WILLIAM J. DOYLE II (SBN 188069)
bill@doylelowther.com
JOHN A. LOWTHER (SBN 207000)
john@doylelowther.com
JAMES R. HAIL (SBN 202439)
jim@doylelowther.com
9466 Black Mountain Road, Suite 210
San Diego, CA  92126
Telephone: (619) 573-1700
Facsimile:  (619) 573-1701

GLYNN LAW GROUP
THOMAS E. GLYNN (SBN 223429)
tom@glynnlawgroup.com
9466 Black Mountain Road, Suite 215
San Diego, CA 92126
Telephone: (858) 271-1100
Facsimile:  (858) 876-1530

[*Additional Counsel on Signature Page*]

Attorneys for Plaintiff and the proposed class

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY HORVATH, individually and on behalf of all others similarly situated; | Case No. '11CV1576 H   RBB |
| Plaintiff, | **CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF** |
| v. | |
| LG ELECTRONICS MOBILECOMM U.S.A., INC., a California corporation; | DEMAND FOR JURY TRIAL |
| Defendant. | |

Plaintiff Terry Horvath ("Plaintiff"), individually and on behalf of all others similarly situated, by his undersigned counsel, alleges the following upon personal knowledge as to his own acts and upon information and belief as to all other matters, which allegations are likely to have evidentiary support after the opportunity for further investigation and discovery.

## NATURE OF THE ACTION

1.     Plaintiff brings this action against defendant LG Electronics MobileComm U.S.A., Inc. ("LG" or "Defendant") on behalf of those who purchased an LG P999 G2X mobile phone.

2.     A defect in the LG P999 G2X mobile phones causes the phones to randomly freeze, crash, or shut down completely, rendering the phones inoperable and not fit for their intended purpose.  The LG P999 G2X mobile phone also suffers from a defect that results in its screen "bleeding," or causing backlight to leak from parts of the phone's screen.

3.     Defendant knew or should have known of the defects prior to selling or placing the LG P999 G2X phones into the stream of commerce.

4.     Defendant is aware of hundreds (if not thousands) of consumer reports and complaints about the power-off and screen bleeding defects plaguing these LG mobile phones.

5.     The defects result in the inability of Plaintiff and Class Members to use their LG mobile phones for their intended purposes.

6.     Defendant has harmed Plaintiffs and other Class Members throughout the country by manufacturing and selling defective mobile phones.  LG has failed to remedy the harm consumers suffered and has earned substantial profits from its unlawful conduct.

## THE PARTIES

7.     Plaintiff Terry Horvath is an individual and a citizen of the State of California.  As set forth in detail below, on or about April 21, 2011, Plaintiff Terry Horvath purchased an LG P999 G2X for $250.00.  He experienced the defects alleged in this complaint within days after acquiring his phone.  He has had his phone replaced and has asked on more than one occasion to

1  repair this defect, but Defendant has been unable to do so.  Had the true facts about these defects

2  been disclosed to him, he would not have purchased the phone at the price he did, if at all.

3         8.      Defendant, LG Electronics MobileComm U.S.A., Inc. is a corporation that is

4  incorporated under the laws of the State of California.  Defendant has its principal place of

5  business at 10101 Old Grove Rd., San Diego, California in that its primary corporate offices and

6  headquarters are located here as are its primary officers and directors.  At all relevant times,

7  Defendant was engaged in the business of marketing, distributing and/or selling consumer

8  electronics products, including its LG P999 G2X mobile phones throughout the United States,

9  which conduct emanated from California and throughout the United States.

10        9.      Whenever this Complaint refers to any act of Defendant, the reference shall so be

11 deemed to mean the act of the directors, officers, employees, affiliates, or agents of Defendant

12 who authorized such act while actively engaged in the management, direction or control of the

13 affairs of Defendant, and each of them, and/or by persons who are the parents or alter egos of

14 Defendant while acting within the scope of their agency, affiliation, or employment.

15                        **JURISDICTION AND VENUE**

16        10.     The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(d), the Class

17 Action Fairness Act, because this suit is a class action, the parties are minimally diverse, and the

18 amount in controversy exceeds $5 million, excluding interest and costs.  Further, greater than

19 two-thirds of the Class Members reside in states other than the state in which LG is a citizen.

20 This Court also has federal question jurisdiction as this Complaint alleges violations of the

21 Magnus-Moss Warranty Act, 15 U.S.C. § 2310, *et seq*., and the amount in controversy exceeds

22 $50,000.

23        11.     The Court also has supplemental jurisdiction under 28 U.S.C. § 1367 over

24 Plaintiff's state law claims because Plaintiff's claims are so related to the claims within the

25 Court's original jurisdiction that they form part of the same case or controversy under Article III

26 of the United States Constitution.

27

28

12.    Venue is proper in this District under 28 U.S.C. § 1391(a)(1) and (2) because Defendant LG resides in this District and a substantial part of the events or omissions giving rise to this claim occurred in this District.  Defendant maintains its principal executive offices in this District in San Diego, California.

**FACTUAL ALLEGATIONS**

13.    Defendant markets, distributes, and warrants the LG P999 G2X mobile phones.

14.    The LG P999 G2X mobile phones have defects that are inherent within the phone itself and that manifest during the useful life of such phones, which defects cause the phones to power-off randomly, rendering the phones inoperable.  This defect is hereinafter referred to as the "power-off defect."

15.    The LG P999 G2X mobile phone also has a defect that results in its screen "bleeding."  The screen "bleeding" refers to the LCD backlight leaking light from the corners of the phone's screen.

**A.    The LG P999 G2X Mobile Phone**

16.    Defendant is a business unit within global electronics company LG Electronics. Defendant produces many mobile devices, including, laptops, tablets, televisions and mobile phones.

17.    Defendant produces a line of cellular phones called "P999 G2X," which uses the Android Operating System.

18.    The LG P999 G2X is a "smartphone," which is a cellular phone that runs on an operating system similar to that of a computer, and can run external applications.

19.    The LG P999 G2X features include a 4-inch display, a 1 GHz NVIDIA Tegra 2 Dual Core Processor, a 1.3 megapixel front-facing camera, 8 megapixel auto-focus camera, and the ability to display HD video.

20.    As soon as the LG P999 G2X phones were released, consumers immediately started complaining about their experiences with both the power-off and screen bleed defects on

1  the LG P999 G2X.  Defendant, however, continued to market and sell these phones without

2  curing the defect.

3  **B.    Power-Off Defect of LG G2X P999 Mobile Phones**

4          21.    Immediately after the Spring 2011 release of the LG P999 G2X mobile phones,

5  consumer complaints flooded the Internet complaining of a power-off defect.

6          22.    The power-off defect randomly occurs when the LG P999 G2X device is in

7  standby mode, as well as when it is being used for a phone call.

8          23.    Because the power-off defect causes the phones to turn off, consumers miss

9  phone calls, alerts, messages, e-mails, and alarms.

10         24.    To operate their phones after being affected by the power-off defect, the

11 consumer typically must remove the battery from the LG P999 G2X device, reinsert it, and

12 power the phone back on.  Simply pressing the power button is often futile because the phone

13 does not power on without first removing and reinserting the battery.

14         25.    The power-off defect occurs randomly and repeatedly causes the phone to power

15 off several times per day.  Thus, once the phone is powered back on, it is susceptible to powering

16 itself down and losing saved data.

17         26.    Although numerous LG P999 G2X consumers immediately reported the power-

18 off defect to Defendant and/or their cellular service providers, neither Defendant nor any cellular

19 service providers notified purchasers or potential consumers about this defect.

20         27.    Neither Plaintiff nor any reasonable consumers would have purchased the

21 defective LG P999 G2X phones had they been aware of the power-off defect, and based on this

22 unique phenomenon, such phones would not pass without objection in the trade or industry.

23 **C.    Screen "Bleeding" Defect of LG P999 G2X Mobile Phones**

24         28.    Immediately after the spring 2011 release of the LG P999 G2X mobile phones,

25 consumer complaints also flooded the Internet complaining of a screen "bleeding" defect.

26         29.    The screen "bleeding" defect refers to the LCD backlight leaking light from the

27 corners of the screen.  This defect is particularly present when the display is black.

28

ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

30.     This "bleeding" causes screen images to produce an unacceptably low quality display and detrimentally affects consumers' viewing experience especially when watching videos or playing games.

31.     Although numerous LG P999 G2X consumers immediately reported the screen "bleeding" defect to defendant and/or their cellular service providers, neither Defendant nor any cellular service providers notified purchasers or potential consumers about this defect.  Neither Plaintiff nor any reasonable consumers would have purchased the defective LG P999 G2X phones had they been aware of the screen "bleeding" defect.

**D.     Consumer Complaints Started Immediately After Release**

32.     Consumers have posted hundreds of complaints about the LG P999 G2X defects on dozens of online support and technology forums, including on LG's own website.

33.     A brief sampling of complaints from several websites, including LG's own website, about the P999 2GX mobile phone is detailed below:

(a)     "Just bought my G2X a week ago, and a couple of days later experienced the random reboot.  I brushed it off as it booted up again and seemed to work fine.  Experienced flawless performance with it until this morning.  Last night the battery drained all the way down, so I plugged it in to charge overnight.  I wake up this morning and now I can't even turn the phone on!  I tried charging via USB, no difference.  Pretty frustrating." http://androidcommunity.com/lg-g2x-users-reporting-rebooting-issues-20110423/  (on or about April, 2011).

(b)     "Im on my second one--(LCD bleeding--random reboots-OVER HEATING almost everything that can go wrong on both phones...gonna try and get my hands on a third one---but not from a retail store--I want it from Lg themselves So I might have to wait for the buyers remorse period to end..to kick in the warranty..IF THE THIRD ONE IS DEFECTIVE---I WILL WANT MY MONEY BACK I DONT GIVE A DAMN.--THIS IS SAD." http://androidcommunity.com/lg-g2x-users-reporting-rebooting-issues-20110423/ (on or about April, 2011).

(c)      "Looks like this is going to be a larger issue than I thought.  Major Manufacturer defect it sounds like.  Engadget mentioned it on test unit.  Android 2.2 has a white notification bar so people don't and wont notice it, but boot screen, games, or video's with black it is noticeable and is NOT acceptable.  Android 2.3 black notification bar you'd see it every time you look at phone.  I just got my brand new G2x today, and noticed this in the first 10 seconds.  I'll be getting it replaced asap.  Sadly can't do in store replacement cuz ordered online, different systems.   So  I  have  to  wait  for  another  to  come  in  the  mail."   http://forum.xda-developers.com/archive/index.php/t-1042703.html  (April 20, 2011).

(d)      "I have given up for now on the g2x.  I purchased mine from Wirefly and have gotten 4 replacements after the original one with build dates ranging from 4/5 to 4/24.  All of them have had significant light bleed.  Notice I'm not calling is screen bleed because I'm not talking about normal LCD bleed."   http://forum.xda-developers.com/archive/index.php/t-1042703.html  (May 13, 2011).

(e)      "As you touch the freezing, yes, very early a few days after I got it and 1 or 2 times after that I had that: it might be during the night or when recharging, the screen was blank and nothing would change that, not even plugging the power supply.  So yes, I had to pull out  the  battery,  wait  for  a  while  and  the  put  it  back…."   http://www.lgforum.com/forum/boards/carriers/t-mobile/topics/g2x-random-reboot   (June  3, 2011).

(f)      "I had a freeze up this morning.  The phone was just lying on it's back idle and in lock mode (screen off).  I went to wake it up by momentarily pressing the power button and nothing happend.  Then after about 5 seconds the locked home screen displayed for a couple of seconds.  I went to swipe the unlock and no response, then the screen went black again.  About 10-15 seonds later the dsiplay lit up again and showed the lock screen with the lock swipe over halfway across the screen (like it had started to unlock the device).  The display just stayed on and there was no response to any button press.  Even long pressed the power button fro about 15 seconds and still nothing.  I had to pull the batttery and long press the power button after

1  reinstering    it."        http://forums.t-mobile.com/t5/T-Mobile-G2x/Reboots-and-Freezes/td-
2  p/824639/page/3 (April 24, 2011).

3          (g)     "I've had 3 g2x's, the issue was so bad on the first two my gf actually
4  was the one that wanted to return them, and she's a novice user.  Sorry but when we returned the
5  phone the rep told us that he was aware it was an issue and let us pick a 3rd one of our liking
6  before leaving the store.  Glad we didn't get you as our rep.... Besides the bleeding there are also
7  several   other   issues   with   this   phone   that   I   consider   crippling."        http://forum.xda-
8  developers.com/archive/index.php/t-1098190.html  (May 30, 2011).

9          (h)     "Dear LG, Seriously.  I have seen many posts on the various forums
10  from people on their fourth and fifth G2X's.  This includes me. I'm on my fourth and it has the
11  same wifi issues, rebooting and the worst screen bleed of the four....I ask again...When does this
12  become an LG issue?  According to an ongoing poll at another forum fully 2 out of 3 G2X
13  owners have replaced their phones, many more than once.....yet LG just keeps stonewalling?  2
14  out   of   three?...."      http://www.lgforum.com/forum/boards/carriers/t-mobile/topics/is-lg-ever-
15  going-to-really-address-the-g2x-issue-people-are-defecting (June 9, 2011).

16          (i)     "...i refuse TO GET ANYTHING OTHER THAN A FACTORY
17  BOXED NEWLY MANUFACTURED ONE.  After four defective G2X's ,THIS IS NOT AT
18  ALL UNREASONABLE... This despite the fact that I have not had a problem free phone FOR
19  ONE DAY.  Again, at what point in time does this become LG's problem and not mine?"
20  http://www.lgforum.com/forum/boards/carriers/t-mobile/topics/is-lg-ever-going-to-really-
21  address-the-g2x-issue-people-are-defecting  (June 10, 2011).

22          (j)     "I was in the same boat as you guys. I went through 3 LG G2x, before
23  just  fully  returning  it.    I  have  never  seen  a  phone  with  issues  like  the  G2x...."
24  http://www.lgforum.com/forum/boards/carriers/t-mobile/topics/is-lg-ever-going-to-really-
25  address-the-g2x-issue-people-are-defecting (June 10, 2011).

26          (k)     "After  5  replacement  LG  P999/Tmobile  G2X  devices,  I  am
27  COMPLETELY fed up.  LG refuses to acknowledge that a problem even exists with this model.

28

ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

1  I purchased this phone 4/20/2011,…"  http://www.lgforum.com/forum/boards/carriers/t-
2  mobile/topics/lg-g2x-lawsuit (June 19, 2011).

3          (l)    I've only had this phone for ONE WEEK, and it is the worst phone
4  ever!! It freezes and then reboots on its own.  That isn't the biggest problem the phone has
5  terrible connection/data issues even when i have all four bars and on a 4g connection it will all of
6  a sudden stop working to where i cant even call out…"  http://androidcommunity.com/lg-g2x-
7  users-reporting-rebooting-issues-20110423/  (on or about July 11, 2011).

8  **E.    LG Has Failed to Remedy the LG P999 G2X Defects**

9          34.    Though aware of the defect in its LG P999 G2X phones either before or shortly
10  after its release in Spring 2011, Defendant did not attempt to remedy the problem of the power-
11  off or screen bleeding defects.  Instead, Defendant continued to sell the defective phones and let
12  consumers discover for themselves that the product was defective.

13          35.    Instead of remedying the problem, Defendant has continued to sell defective LG
14  P999 G2X phones and has provided no substantive solutions to all affected consumers.

15          36.    Consumers continue to receive defective LG P999 G2X phones, even after having
16  the phones replaced by their cellular service provider or Defendant.  Plaintiff had his phone
17  replaced, but it shortly suffered from the same defect.

18  **F.    Plaintiff's Experiences**

19          37.    Plaintiff Terry Horvath owns an LG P999 G2X phone and has experienced the
20  defects alleged in this complaint.  Plaintiff Horvath purchased an LG P999 G2X phone the day
21  after its release, or on or about April 21, 2011.  He did so, because an agent of his cellular service
22  carrier recommended the phone to him.  Within days thereafter, he experienced the power-off
23  and screen bleeding defects.  As a result, he repeatedly has had to remove the battery from, and
24  replace it in his LG P999 G2X phone.  Plaintiff Horvath's LG P999 G2X also suffers from the
25  screen "bleeding" defect.

26          38.    Plaintiff Horvath experienced the power-off and screen "bleeding" problems
27  resulting from the defects in his LG P999 G2X phone within any and all applicable warranty

28

1   periods. Plaintiff Horvath contacted his phone carrier about the shut-down issue, and, on or
2   about June 9, 2011 received a replacement LG P999 G2X phone. Plaintiff Horvath continued to
3   experience the same repeated shut down and screen bleeding problems with his replacement LG
4   P999 G2X. When Plaintiff Horvath contacted LG about the defects, he was told that the
5   company was working on an "update" for the phone that would be available at some future date,
6   but would do nothing further to resolve this issue.

7          39.    At the time of purchase, Plaintiff Horvath was unaware of the defects complained
8   of herein, and as a result thereof, Plaintiff has lost money or property or suffered injuries in fact
9   in a manner similar to other Class Members.

10         40.    Defendant failed to disclose prior to the time of the sale of the phone, either to
11  Plaintiff, the Class Members, or to retailers or wireless service providers who sold these phones
12  to consumers, that they were aware the phones manifested the defects set forth above.
13  Defendant, even though it was in primary, if not exclusive, possession of such knowledge, has
14  failed to cure the defect or replace Plaintiff's LG P999 G2X mobile phones with non-defective
15  phones despite previous demands therefor.

16         41.    Defendant is aware that its LG P999 G2X mobile phones regularly freeze, crash,
17  or shut down, and suffer from screen "bleeding," yet it continues to market and sell the phones
18  and fails to disclose the existence of these material defects. Defendant further refuses to remedy
19  the harm Plaintiff and consumers suffered by replacing or permanently repairing the LG P999
20  G2X mobile phones.

21         42.    Had Plaintiff and Class Members known about the defects, they would not have
22  purchased their LG P999 G2X mobile phones at the prices that they did, if at all.

23                  **CLASS ACTION ALLEGATIONS**

24         43.    Plaintiff brings this class action claim pursuant to Rule 23 of the Federal Rules of
25  Civil Procedure. The requirements of Rule 23 are met with respect to the class defined below.

26         44.    Plaintiff brings this claim on his own behalf, and on behalf of the following class
27  (the "Class"):

28

> All persons who, in California and such other states within the United States the Court determines to be appropriate, purchased one or more LG-P999 G2X mobile phones from LG and/or its authorized retailers. Excluded from the Class are the Defendants, their officers and directors at all relevant times, members of immediate families and their legal representatives, heirs, successors, or assigns and any entity in which the Defendants have or had a controlling interest.

45.     Plaintiff reserves the right to amend or modify the Class definition in connection with a Motion for Class Certification and/or the result of discovery.

46.     This class action is properly brought as a class action for the following reasons. The Class is so numerous that joinder of the individual members of the proposed Class (the "Class Members") is impracticable.   The Class includes tens of thousands of persons geographically dispersed throughout California and the United States.   The precise number and identities of Class Members are unknown to Plaintiff, but are known to Defendant and can be ascertained through discovery, namely using Defendant's records of sales and other information kept by Defendant.

47.     Plaintiff does not anticipate any difficulties in the management of this litigation as a class action.   The Class is ascertainable and there is a well-defined community of interests in the questions of law and/or fact alleged, since the rights of each Class Member were infringed or violated in similar fashion based upon Defendant's misconduct.   Notice can be provided through records maintained by Defendant through a combination of mailed and electronic notice and publication, the cost of which is properly imposed upon the Defendant.

48.     Questions of law or fact common to the Class exist as to Plaintiff and all Class Members, and these common questions predominate over any questions affecting only individual members of the Class in that answering these questions will determine at one time Defendant's liability for the conduct alleged herein.   Among the common questions of law and/or fact are the following:

1           (a)      Whether Defendant marketed, distributed and sold defective mobile

2   phones;

3           (b)      Whether Defendant failed to disclose material facts about the defect in

4   its LG P999 G2X mobile phones;

5           (c)      Whether Defendant made any express or implied warranties in

6   connection with its sale of LG P999 G2X phones;

7           (d)      Whether Defendant breached any express or implied warranties in

8   connection with its sale of LG phones;

9           (e)      Whether Defendant was unjustly enriched by selling LG phones by

10  means of engaging in unlawful and unfair business practices;

11          (f)      The appropriate nature of class-wide relief; and

12          (g)      The appropriate measure of restitution and/or damages to award to

13  Plaintiff and the Class.

14      49.    Defendant engaged in a common course of conduct giving rise to the legal rights

15  sought to be enforced by Plaintiff and the Class.  Individual questions, if any, pale by

16  comparison to the numerous common questions that predominate.

17      50.    The injuries sustained by Plaintiff and the Class Members flow, in each instance,

18  from a common nucleus of operative facts based on the Defendant's conduct as set forth in detail

19  above.

20      51.    Plaintiff's claims are typical of the claims of the Class Members in that Plaintiff

21  was unaware at the time he purchased his mobile phone that the phone was defective,

22  experienced the defect, and would not have engaged in the transactions in question if the true

23  facts had been disclosed by Defendant.  The Defendant's uniform omissions of material fact in

24  connection with the marketing, distribution and sale of their LG phones apply equally to Plaintiff

25  and all Class Members.  Moreover, the defenses, if any, which will be asserted against Plaintiff's

26  claims will likely be typical of the defenses that will be asserted against the Class Members'

27  claims.

28

52.     Plaintiff will fairly and adequately protect the interests of the Class Members. Plaintiff has no interests materially adverse to or that irreconcilably conflict with the interests of the Class Members and has retained counsel with significant experience in the prosecution of class actions and complex litigation, including consumer litigation, and who will vigorously prosecute this action.

53.     A class action is superior to other available methods for the fair and efficient group-wide adjudication of this controversy, and individual joinder of all members of the Class is impracticable, if not impossible because the number of Class Members scattered throughout the United States. Moreover, the cost to the court system of such individualized litigation would be substantial. Individualized litigation would likewise present the potential for inconsistent or contradictory judgments and would result in significant delay and expense to all parties and multiple courts hearing virtually identical lawsuits. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and the Court, protects the rights of each Class Member and maximizes recovery to them.

54.     Defendant has acted on grounds generally applicable to the entire Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the Class as a whole.

**COUNT I**

**Breach of Express Warranty**

55.     Plaintiff hereby incorporates all the above allegations by reference as if fully set forth herein.

56.     Defendant sold or caused to be sold LG P999 G2X phones to Plaintiff and Class Members. Such phones are goods.

57.     Defendant made certain affirmations, promises, and descriptions, all of which became the basis of the bargain between Plaintiff, Class Members, and Defendant. For example, Defendant expressly warranted by specific words or actions to Plaintiff and Class Members through the issuance of its written warranty accompanying all its phones. Defendant warranted to

the general public, including Plaintiff and Class Members, these phones were effective, free from material defects in materials and/or workmanship and fit for their intended use.  The warranty included with the phones expressly represented that LG P999 G2X phones were "free from defects in material and workmanship" for one year from purchase.

58.     Defendant breached its express warranty and caused Plaintiff and Class Members to suffer injuries, including the inability to use their phones, as well as paying for a defective product and entering into transactions that they would not have entered but for Defendant's acts in concealing the LG P999 G2X defects and distributing a defective phone.

59.     Plaintiff, on behalf of himself and the Class, has provided Defendant with notice of its breach of express warranties.  Defendant already was on notice of the defects from complaints and service requests it received from Plaintiff and Class Members, from repairs and/or replacements of the LG P999 G2X phones at issue, and through its own public admissions and internal investigations.

60.     Plaintiff, on behalf of himself and the Class, has also provided Defendant with an opportunity to cure, which Defendant rejected.

61.     As a direct and proximate result of Defendant's breach of its warranties, Plaintiff and Class Members have suffered damages and continue to suffer damages, including economic damages at the point of sale in terms of the difference between the value of the phones as promised and the value of the phones as delivered.  Additionally, Plaintiff and Class Members either have or will incur economic damages at the point of repair in the form of the cost of repair or replacement.

62.     Plaintiff and Class Members are entitled to legal and equitable relief against Defendant, including damages, specific performance, rescission, attorneys' fees, costs of suit, and other relief as appropriate.

## COUNT II

### Breach of Implied Warranty

63.     Plaintiff hereby incorporates all the above allegations by reference as if fully set forth herein.

64.     Plaintiff bought his LG P999 G2X phone from one of LG's authorized retailers. At the time of purchase, Defendant was in the business of selling these goods.

65.     Pursuant to an agreement between LG and certain cellular phone retailers, LG approves those cell phone retailers as authorized retailers and authorized service facilities, and Plaintiff is a third-party beneficiary of such contract, as these phones are not intended to be used by the cellular phone retailers but exclusively are to be sold to the consuming public.

66.     In addition to its express warranty, Defendant also impliedly warranted to members of the general public, including Plaintiff and Class Members, these phones were of merchantable quality, would pass without objection in the trade or business, were free from material defects and reasonably fit for the use for which they were intended by Defendant, namely, for the purpose of providing consistent mobile cellular communications and other related activities and would not turn off without warning.

67.     Plaintiff and Class Members based their decision to purchase these phones in part on the skill and judgment of Defendant to provide a cellular phone that actually consistently operated.

68.     Defendant breached its warranties by: (a) selling LG mobile phones that were defective in materials and workmanship and are likely to fail during the useful life of such products; and (b) refusing to recall, repair or replace, free of charge, all LG mobile phones or any of their defective component parts using phones that were not defective.

69.     Plaintiff, on behalf of himself and the Class, provided Defendant with notice of its breach of implied warranties. Defendant already was on notice of the defect from complaints and service requests it received from Plaintiff and Class Members, from repairs and/or

1  replacements of the LG phones at issue, and through its own public admissions and internal

2  investigations.

3          70.     Plaintiff, on behalf of himself and the Class, has also provided Defendant with an

4  opportunity to cure, which Defendant rejected.

5          71.     As a direct and proximate result of Defendant's breach of its warranties, Plaintiff

6  and Class Members have suffered damages and continue to suffer damages, including economic

7  damages at the point of sale in terms of the difference between the value of the phones as

8  promised and the value of the phones as delivered.  Additionally, Plaintiff and Class Members

9  either have or will incur economic damages at the point of repair in the form of the cost of repair

10 or replacement.

11         72.     Plaintiff and Class Members are entitled to legal and equitable relief against

12 Defendant, including damages, specific performance, rescission, attorneys' fees, costs of suit,

13 and other relief as appropriate.

14                                    **COUNT III**

15        **Song-Beverly Warranty Act, California Civil Code § 1792, _et seq._**

16         73.     Plaintiff hereby incorporates all the above allegations by reference as if fully set

17 forth herein.

18         74.     Under the Song-Beverly Consumer Warranty Act, California Civil Code § 1792,

19 _et seq._, every sale of consumer goods in the State of California is accompanied by both a

20 manufacturer's and retail seller's implied warranty that the goods are merchantable.

21         75.     Plaintiff and the Class each purchased one or more LG P999 G2X mobile phones,

22 which are "consumer goods" within the meaning of California Civil Code § 1791(a).

23         76.     Defendant is in the business of manufacturing and selling LG P999 G2X mobile

24 phones to retail buyers, such as Plaintiff and the Class, and therefore is a "manufacturer" and

25 "seller" within the meaning of California Civil Code § 1791.

26         77.     Defendant provided express warranties and also impliedly warranted to Plaintiff

27 and the Class that the LG P999 G2X mobile phone is of merchantable quality, would pass

28

---
16

1  without objection in the trade or industry, and fit for the ordinary purposes for which the phone is

2  used.

3       78.    As described above, Defendant has breached both express and implied warranties

4  because the LG P999 G2X mobile phones sold to Plaintiff and the Class were not of the same

5  quality as those generally acceptable in the trade and were not fit for the ordinary purposes for

6  which such goods are used, in that it randomly shuts down, causing Plaintiff and the Class to lose

7  time, data, and/or work product; and the phone screen suffers from severe "bleeding."  Plaintiff

8  has returned his phone on more than one occasion to Defendant, who has been unable to repair or

9  replace it with a non-defective phone, and admittedly is unable to do so, making it futile for

10  Plaintiff and Class Members to continue to do so.

11       79.    As a direct and proximate cause of LG's breach of the Song-Beverly Act, Plaintiff

12  and the Class sustained damages and other losses in an amount to be determined at trial.  LG's

13  conduct has caused Plaintiff and the Class to incur compensatory damages, consequential

14  damages, statutory damages, diminution in value, costs, attorney's fees, and interest.

15  **COUNT IV**

16  **Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.***

17       80.    Plaintiff hereby incorporates all the above allegations by reference as if fully set

18  forth herein.

19       81.    Plaintiff asserts this count individually and on behalf of the proposed Class.

20       82.    The LG mobile phones at issue are "consumer products" within the meaning of

21  the Magnuson-Moss Act, 15 U.S.C. § 2301(1).

22       83.    Plaintiff and Class Members are "consumers" within the meaning of the

23  Magnuson-Moss Act, 15 U.S.C. § 2301(3).

24       84.    LG is a "supplier" and "warrantor" within the meaning of the Magnuson-Moss

25  Act, 15 U.S.C. §§ 2301(4)-(5).

26       85.    The defective phones are consumer products as defined in 15 U.S.C. § 2301(6).

27

28

17

86.     Defendant's written affirmations of fact, promises and/or descriptions, as alleged herein, are each a "written warranty" within the meaning of the Magnuson-Moss Act, 15 U.S.C. § 2301(6).

87.     LG warranted to Plaintiff and to Class Members the LG mobile phones were free from defect, were of merchantable quality and fit for the ordinary purposes for which the phones are used.

88.     LG has breached and refused to honor its warranties.  Defendant breached its warranties as the LG mobile phones suffered from power-off and screen "bleeding" defects, and thus were not as expressly and impliedly warranted, and failed to perform as reasonably expected.

89.     The amount in controversy of Plaintiff's and Class Member's individual claims meets or exceeds the sum or value of $25.  In addition, the amount in controversy meets or exceeds the sum or value of $50,000 (exclusive of interest and costs) computed on the basis of all claims to be determined in this suit.

90.     LG has been afforded a reasonable opportunity to cure its breach of warranty. Plaintiff provided notice to Defendant that he was acting on behalf of himself and Class members and provided Defendant a reasonable opportunity to cure the defects.  As alleged, Defendant had ample notice of the defects detailed above and experienced by both Plaintiff and Class Members, but has failed to remedy the situation.

91.     As a direct and proximate result of Defendant's conduct, Plaintiff and the Class have suffered injury and damages in an amount to be determined at trial.  Plaintiff and the Class are entitled to recover damages, consequential damages, specific performance, diminution in value, rescission, and other relief as authorized by law.

ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

## COUNT V

### Violation of the California Unfair Competition Law

106.   Plaintiff hereby incorporates all of the above allegations by reference as if fully set forth herein.

107.   Defendant's business acts and practices complained of were centered in, carried out, effectuated and perfected within or had their effect in the State of California, and Defendant's conduct within California injured all class members.

108.   Beginning as early as April 2011, and continuing thereafter at least up through and including the date of filing of this Complaint, Defendant committed acts of unfair competition, as defined by § 17200, *et seq.,* of the California Business and Professions Code, by engaging in the acts and practices specified above.

109.   This claim is instituted pursuant to §§ 17203 and 17204 of the California Business and Professions Code, to obtain equitable monetary and injunctive relief from these Defendants for acts and practices, as alleged herein, that violated § 17200 of the California Business and Professions Code, commonly known as the Unfair Competition Law.

110.   Defendant's conduct as alleged herein violated § 17200.  The acts, omissions, misrepresentations, practices and non-disclosures of Defendant constituted a common continuous course of conduct of unfair competition by means of the commission of unfair, unlawful or fraudulent business acts or practices within the meaning of California Business and Professions Code, § 17200, *et seq.*

111.   Defendant engaged in "unlawful" business acts and practices by:

(a)      violating the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*;

(b)      violating the Song-Beverly Consumer Warranty Act, California Civil Code § 1792, *et seq*;

(c)      breaching implied and express warranties; and

      (d)     engaging in unfair business practices by refusing to permanently repair or recall the LG P999 G2X cellular phone.

112.    Defendant engaged in "unfair" business acts and practices by, among other things:

      (a)     engaging in conduct where the utility of such conduct, if any, is outweighed by the gravity of the consequences to Plaintiff and the Class; and

      (b)     engaging in conduct that is immoral, unethical, oppressive, unscrupulous, or substantially injurious to Plaintiff and the Class.

113.    Specifically, Defendant engaged in "unfair" business acts and practices by selling P999 G2X cellular phones with defects that cause the phone to randomly freeze, crash or shut down completely, and screen "bleeding."

114.    As such conduct is or may well be continuing and on-going, Plaintiff and each of the Class Members are entitled, in addition to and wholly independent of their right to obtain equitable monetary relief, injunctive relief to prohibit or correct such on-going acts of unfair competition.

115.    Plaintiff and members of the Class used Defendant's products and had business dealings with Defendant either directly or indirectly as described above.  The acts and practices of Defendants, as described above, have caused Plaintiff and members of the Class to lose money in terms of being overcharged for and paying supracompetitive and artificially-inflated prices for mobile phones.  Such loss was the result of an illegal business practice in that they paid an allegedly illegal overcharge that they otherwise would not have paid. because of Defendant's misconduct in violation of the state and federal laws set forth above.  Plaintiff is therefore entitled to seek recovery of such amounts.  Such injury occurred at the time such monies were paid.  Plaintiff has thus suffered injury in fact and lost money or property as a result of such acts.

116.    Defendant and its co-conspirators have been unjustly benefitted as a result of their wrongful conduct and by Defendant's acts of unfair competition.  Plaintiff and the members of the Class are accordingly entitled to equitable relief including restitution and/or restitutionary

disgorgement of all revenues, earnings, profits, compensation, and benefits that may have been obtained by Defendant as a result of such business acts and practices, pursuant to the California Business and Professions Code, §§ 17203 and 17204.

## COUNT VI

### Common Counts - Assumpsit and Quasi-Contract

117.    Plaintiff hereby incorporates all the above allegations by reference as if fully set forth herein.

118.    As Plaintiff and the Class show just grounds for recovering money to pay for benefits Defendant received from them, they have a right to restitution at law through an action derived from the common-law writ of assumpsit by implying a contract at law, or a quasi-contract as an alternative to a claim for breach of contract.

119.    By virtue of the purchase and sale of the mobile phones, Defendant entered into a series of implied at law contract that resulted in money being had and received by Defendant, either directly or indirectly, at the expense of Plaintiff and members of the Class under agreements in assumpsit and quasi-contract.   Plaintiff and other Class members conferred a benefit upon Defendant by purchasing one of the products at issue.  Defendant had knowledge of the general receipt of such benefits, which Defendant received, accepted and retained.

120.    Defendant, having received such benefits, is required to make restitution as the circumstances here are such that, as between the two, it is unjust for Defendant to retain such monies based on the illegal conduct described above.  Such money or property belongs in good conscience to the Plaintiff and the Class members and can be traced to funds or property in Defendant's possession.  Defendant has been unjustly enriched through payments by Plaintiff and Class members and the resulting profits enjoyed by Defendant as a direct result of such payments.  Plaintiff's detriment and Defendant's enrichment were related to and flowed from the conduct challenged in this Complaint.

ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

1    121.   Any Defendant who has been unjustly enriched at the expense of another is

2    required to make restitution to the other.  Under common law principles recognized in claims of

3    common counts, unjust enrichment, assumpsit, and quasi-contract, under the circumstances

4    alleged herein it would be inequitable for Defendant to retain such benefits without paying

5    restitution or damages therefor.  Defendant should not be permitted to retain the benefits

6    conferred via payments by Plaintiff and Class members, and other remedies and claims may not

7    permit them to obtain such relief, leaving them without an adequate remedy at law.

8    122.   Plaintiff and members of the Class seek damages and restitutionary disgorgement

9    of all profits resulting from such payments.  In addition, pursuant to Cal. Civ. Code § 2224,

10   "[o]ne who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust, or

11   other wrongful act, is, unless he or she has some other and better right thereto, an involuntary

12   trustee of the thing gained, for the benefit of the person who would otherwise have had it."

13   Thus, based on the facts and circumstances set forth above, in order to prevent unjust enrichment

14   and to prevent Defendant from taking advantage of its own wrongdoing, Plaintiff and the Class

15   are further entitled to the establishment of a constructive trust of all monies charged and

16   collected or retained by Defendant from which Plaintiff and Class members may seek restitution.

17                                    **PRAYER FOR RELIEF**

18          WHEREFORE, Plaintiff and Class Members pray for judgment against Defendant as

19   follows:

20   A.     Declaring this action to be a proper class action pursuant to Rule 23 of the Federal

21          Rules of Civil Procedure;

22   B.     Awarding Plaintiff and members of the class all proper measures of damage,

23          including interest to which they are entitled;

24   C.     Awarding equitable, injunctive and/or declaratory relief as the Court may deem

25          just and proper;

26   D.     Awarding Plaintiff's reasonable costs and attorney's fees; and

27   E.     Granting such further and other relief this Court deems appropriate.

28
ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

# DEMAND FOR JURY TRIAL

Plaintiff, individually and on behalf of all others similarly situated, demands a trial by jury on all issues so triable.

DATED: July 18, 2011

Respectfully Submitted,

William J. Doyle II

DOYLE LOWTHER LLP
John Lowther
James R. Hail
9466 Black Mountain Road, Suite 210
San Diego, CA 92126
Tel:     (619) 573-1700
Fax:     (619) 573-1701
email:   bill@doylelowther.com
         john@doylelowther.com
         jim@doylelowther.com


GLYNN LAW GROUP
THOMAS E. GLYNN
9466 Black Mountain Rd., Suite 215
San Diego, CA 92126
Tel:     (858) 271-1100
Fax:     (858) 876-1530
email:   tom@glynnlawgroup.com


THE CONSUMER LAW GROUP
ALAN M. MANSFIELD
9466 Black Mountain Road, Suite 225
San Diego, CA 92126
Tel:     (619) 308-5034
Fax:     (888) 341-5048
email:   alan@clgca.com


*Attorneys for Plaintiff and the proposed class*

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Terry Horvath, individually and on behalf of all others similarly situated | LG Electronics MobileComm U.S.A., Inc., a California corporation |

| (b) County of Residence of First Listed Plaintiff | San Diego | County of Residence of First Listed Defendant | San Diego |
|---|---|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | | (IN U.S. PLAINTIFF CASES ONLY) | |

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

| (c) Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| William J. Doyle II, Doyle Lowther LLP, 9466 Black Mountain Road, Suite 210, San Diego, CA 92126; Tel: (619) 573-1700 | '11 CV 1576 H    RBB |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

(JMD)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☒ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt. Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1332(a)(1) and (d)   28:1331 - Federal Question   (JMD)

Brief description of cause:
Class action for unlawful business practices.

| VII. REQUESTED IN COMPLAINT: | ☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ | CHECK YES only if demanded in complaint: JURY DEMAND: ☑ Yes ☐ No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | (See instructions): | JUDGE | | DOCKET NUMBER | |
|---|---|---|---|---|---|

DATE
07/18/2011

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____