1
2
3
4
5
6
7
8           **UNITED STATES DISTRICT COURT**
9           **SOUTHERN DISTRICT OF CALIFORNIA**
10
11  TERRY HORVATH, JEREMY                    CASE NO. 3:11-CV-01576-H-RBB
    FORSYTHE, RONALD JOHNSON, and
12  FRED MONTGOMERY, individually            **ORDER GRANTING IN PART**
    and on behalf of all others similarly    **AND DENYING IN PART**
13  situated                                 **DEFENDANT'S MOTION TO**
                                             **DISMISS PLAINTIFFS'**
14                         Plaintiffs,       **COMPLAINT**

        vs.
15
16  LG ELECTRONICS MOBILECOMM
    U.S.A., INC., a California corporation;
17
                          Defendant.
18
19          On December 21, 2011, Defendant LG Electronics Mobilecomm U.S.A., Inc. ("LG

20  Electronics" or "Defendant") filed a motion to dismiss Plaintiffs Horvath, Forsythe, Johnson,

21  and Montgomery (collectively "Plaintiffs")'s first amended complaint ("FAC").  (Doc. No.

22  30.)  On January 23, 2012, Plaintiffs filed a response in opposition to Defendant's motion to

23  dismiss.  (Doc. No. 31.)  On February 6, 2012, Defendant filed a reply.  (Doc. No. 34.)

24          The Court held a hearing on February 13, 2012.  John Lowther, James Hail, and

25  Katherine DiDonato appeared for Plaintiffs.  Melanie Grossman, Sandra McCallion, and Gino

26  Serpe appeared for Defendant.

27                          **Background**

28          On July 18, 2011, Plaintiff Horvath filed a class action complaint for damages and

equitable relief against LG Electronics. (Doc. No. 1.) On November 17, 2011, Plaintiffs Horvath, Forsythe, Johnson, and Montgomery filed a first amended class action complaint against LG Electronics alleging: (1) breach of express warranty; (2) breach of implied warranty; (3) violations of Song-Beverly Warranty Act, California Civil Code §§ 1792, *et seq.*; (4) violations of Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*; (5) violations of the California Unfair Competition Law; (6) violations of the Consumers Legal Remedies Act, California Civil Code §§ 1750 *et seq.*; and (7) common counts of assumpsit and quasi-contract. (Doc. No. 23, FAC.)

Plaintiffs bring this action against LG Electronics on behalf of other persons in California or the United States who purchased an LG-P999 G2X mobile phone ("G2X phone"). (FAC at ¶ 1.) Plaintiffs allege that an inherent design or manufacturing defect in the G2X phone causes the phones to randomly freeze, crash, reset or power-off completely, rendering the phones inoperable and unfit for their intended use and purpose. (Id. at ¶ 2.) Plaintiffs also allege that the G2X phones suffer from an inherent design or manufacturing defect causing its screen to "bleed," or leak backlight from the edges of the phone's screen. (Id. at ¶ 3.) Plaintiffs allege that after Defendant released the G2X phones, consumers began to contact Defendant and its authorized agents and resellers to complain about the defects and have posted these complaints about the power-off defect and screen-bleed defects on Internet websites, including LG Electronics' own website. (Id. at ¶ 4.)

Plaintiffs allege that they attempted to have their phones repaired or replaced and that Plaintiffs collectively made at least ten repair attempts, gave pre-lawsuit written notice of the defects to Defendant, and provided Defendant the opportunity to cure the defects for Plaintiffs and other similarly affected consumers to no avail. (Id. at ¶ 5.) Plaintiffs allege that Defendant and its authorized agents and resellers provided class members with replacement phones suffering from the same defects, and to date, Defendant and its authorized agents and resellers have been unable or unwilling to repair the defects or offer Plaintiffs and class members a non-defective G2X phone or reimbursement for the cost of the phone and consequential damages arising from the purchase and use of the phone. (Id. at ¶¶ 6-7.)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Discussion**

**I.  Motion to Dismiss**

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  Navarro v. Black, 250 F.3d 729, 732 (9th Cir. 2001).  Rule 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  The function of this pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id.  A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 557).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).  "All allegations of material fact are taken as true and construed in the light most favorable to plaintiff. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."  Epstein v. Wash. Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996); see Twombly, 550 U.S. at 555.

**A.  Choice of Law**

A federal district court sitting in diversity applies the law of the state in which it sits. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 496 (1941); Fields v. Legacy Health Sys., 413 F.3d 943, 950 (9th Cir. 2005).  In California, courts apply the governmental interest analysis to determine what law should govern the case.  Kearney v. Salomon Smith Barney, Inc., 137 P.3d 914, 922 (Cal. 2006); Wash. Mut. Bank v. Super. Ct., 15 P.3d 1071 (Cal. 2001). Under this test, the party who invokes the law of a foreign state has the burden to show the foreign state law is the appropriate law for the court to apply.  Kearney, 137 P.3d at 919.  First,

1    "the foreign law proponent must identify the applicable rule of law in each potentially

2    concerned state and must show it materially differs from the law of California." Id.  Second,

3    if the court finds the laws to be materially different, it must then determine what interest each

4    state has in having its own law applied to the case. Id.  Third, if the court determines that each

5    state has an interest in having its own law applied, the court must finally select the law of the

6    state "whose interests would be 'more impaired' if its laws were not applied." Id.  In making

7    this comparative analysis, the court must determine "the relative commitment of the respective

8    states to the laws involved and consider the history and current status of the states' laws and

9    the function and purpose of those laws." Id. (internal quotation marks omitted).

10          Defendant Horvath is a citizen of California, Defendant Forsythe is a citizen of Florida,

11   Defendant Johnson is a citizen of Texas, and Defendant Montgomery is a citizen of Oregon.

12   (FAC at ¶¶ 10-13.)  Defendant LG Electronics is incorporated in California and has its

13   principal place of business in San Diego, California. (Id. at ¶ 14.) After reviewing the choice-

14   of-law issues, the Court concludes that California consumer protection law applies to Plaintiff

15   Horvath.  See Mazza v. Am. Honda Motor Co., 2012 U.S. App. LEXIS 626, * 7 (9th Cir.

16   2012) (concluding that consumer protection laws are a creature of the state in which they are

17   fashioned).  Based on the facts of this case, the Court declines to apply California consumer

18   protection law to out-of-state Plaintiffs.  See id.

19          "The fact that two or more states are involved does not itself indicate that there is a

20   conflict of law problem." Wash. Mut. Bank, 15 P.3d at 1081.  A problem only arises if

21   differences in state law are material, that is, if they make a difference in this litigation. Id.

22   California laws at issue here have no scienter requirement, whereas many other states'

23   consumer protection statutes do require scienter. Mazza, 2012 U.S. App. LEXIS 626, at * 7.

24   Moreover, other states' consumer protection laws do not require reliance. See e.g., Egwuatu

25   v. South Lubes, Inc., 976 So.2d 50, 53 (Fla. App. 2008).  Defendant argues that the laws of the

26   states at issue materially differ with respect to privity, reliance, and notice. (Doc. No. 30-4 at

27   8.) Moreover, even once violation is established, there are differences in available state law

28   remedies.  Under the California Consumer Legal Remedies Act, a plaintiff can recover actual

1    damages (at least $1,000), an injunction, restitution, punitive damages and "any other relief

2    that the court deems proper," Cal. Civ. Code § 1780(a)(1)-(5), while a plaintiff can only

3    recover restitution and injunctive relief under the Unfair Competition Law, Cal. Bus. & Prof.

4    Code § 17203.  The remedies permitted by other states vary and may depend on the wilfulness

5    of the defendant's conduct.  See e.g., Mich. Comp. Laws Ann. § 445.911(6) (limiting recovery

6    to actual damages if the violation was a result of bona fide error); N.J. Stat. Ann. § 56:8-19

7    (requiring treble damages and attorney's fees).  Therefore, because Plaintiffs seek to represent

8    a nationwide class and because these laws materially differ, the Court moves on to the test's

9    second step to address the interests of foreign jurisdictions.

10          "[E]very state has an interest in having its law applied to its resident claimants."

11   Mazza, 2012 U.S. App. LEXIS 626, at * 7 (quoting Zinser v. Accufix Research Inst., Inc., 253

12   F.3d 1180, 1187, amended 273 F.3d 1266 (9th Cir. 2009) (en banc)).  California law also

13   acknowledges that "a jurisdiction ordinarily has 'the predominant interest' in regulating

14   conduct that occurs within its borders . . . ." McCann v. Foster Wheeler LLC, 48 Cal. 4th 68,

15   97 (Cal. 2010).  Plaintiff Horvath purchased his G2X phone in Oceanside, California.  (FAC

16   at ¶ 42.)  Plaintiff Forsythe purchased his G2X phone in Brandon, Florida.  (Id. at ¶ 52.)

17   Plaintiffs Montgomery and Johnson purchased their G2X phones online from authorized

18   retailers.  (Id. at ¶¶ 60, 69.)  It is unclear what relationship, if any, Plaintiffs Montgomery and

19   Johnson's online purchases have with unidentified states.  Accordingly, the sales at issue took

20   place within different jurisdictions, and each state has a strong interest in applying its own

21   consumer protection laws to those transactions.    See Mazza, 2012 U.S. App.

22   LEXIS 626, at * 7.  Because each state has an interest in setting the appropriate level of

23   liability for companies conducting business within its territory, the Court declines to apply

24   California consumer protection law to Plaintiffs Forsythe, Montgomery, and Johnson.

25   McCann, 48 Cal. 4th at 91.  The Court concludes that the consumer protection law of the

26   jurisdiction in which the transactions took place should govern each Plaintiffs' cause of action.

27   See Mazza, 2012 U.S. App. LEXIS 626, at * 10.  As a result, the Court grants Defendant's

28   motion to dismiss Plaintiffs Forsythe, Montgomery, and Johnson's causes of action under the

1   Song-Beverly Warranty Act, the Consumer Legal Remedies Act, and California's Unfair

2   Competition Law without prejudice.  The Court directs Defendant to file an answer.

3        Nevertheless, California recognizes that "with respect to regulating or affecting conduct

4   within its borders, the place of the wrong has the predominant interest." Hernandez v. Burger,

5   162 Cal. Rptr.564, 568 (Cal. Ct. App. 1980).  Because Plaintiff Horvath purchased his G2X

6   phone in California and because his causes of action arise out of this purchase, the place of the

7   wrong is California.   Therefore, California has the predominant interest over Plaintiff

8   Horvath's causes of action, and the Court applies California law to Plaintiff Horvath's causes

9   of action.

10       **B.  Breach of an Express Warranty**

11       California Commercial Code section 2313 provides that an express warranty is created

12   by:

13       (a) Any affirmation of fact or promise made by the seller to the buyer which
         relates to the goods and becomes part of the basis of the bargain creates an
14       express warranty that the goods shall conform to the affirmation or promise.
         (b) Any description of the goods which is made part of the basis of the bargain
15       creates an express warranty that the goods shall conform to the description.

16
     Cal. Com. Code § 2313.  To prevail on a breach of express warranty claim, the plaintiff must
17
     prove (1) the seller's statements constitute an affirmation of fact or promise or a description
18
     of the goods; (2) the statement was part of the basis of the bargain; and (3) the warranty was
19
     breached.  Weinstat v. Dentsply Int'l, Inc., 180 Cal. App. 4th 1213, 1227 (Cal. Ct. App. 2010)
20
     (noting that the Uniform Commercial Code does not require proof of reliance on specific
21
     promises made by the seller).
22
         **1.  Terms of LG Electronics' Limited Warranty**
23
         Defendant argues that LG Electronics' limited warranty does not cover design defects
24
     and that Plaintiffs fail to allege material and workmanship defects.  (Doc. No. 30-4 at 8.)  "A
25
     manufacturer's liability for breach of an express warranty derives from, and is measured by,
26
     the terms of that warranty."  Cipollone v. Liggett Group, Inc., 505 U.S. 504, 525-526 (1992)
27
     (holding that plaintiff's warranty claims were not preempted by federal law, because obligation
28

1    to perform under warranty is imposed by warrantor, not state law).

2        LG Electronics' limited warranty states, "LG offers you a limited warranty that the

3    enclosed subscriber unit and its enclosed accessories will be free from defects in material and

4    workmanship" for one year beginning on the date of purchase.  (FAC, Ex. 1, "LG's Limited

5    Warranty Statement.")  Defendant contends that Plaintiffs' express warranty claim based on

6    the limited warranty fails because Plaintiffs allege a design defect and the written warranty

7    applies only to defects in "materials and workmanship."  (Doc. No. 30-4 at 8.)  In McCabe v.

8    Am. Honda Motor Co., 100 Cal. App. 4th 1111, 1120 (Cal. Ct. App. 2002), the California

9    Court of Appeal distinguished between design defects and manufacturing defects:

10            California recognizes two distinct categories of product defects: manufacturing
             defects and design defects.  A manufacturing defect exists when an item is
11            produced in a substandard condition.  Such a defect is often demonstrated by
             showing the product performed differently from other ostensibly identical units
12            of the same product line.  A design defect, in contrast, exists when the product
             is built in accordance with its intended specifications, but the design itself is
13            inherently defective.

14    McCabe, 100 Cal. App. 4th at 1119-20 (internal citations omitted).  An express warranty

15    covering "materials and workmanship" does not include design defects.  See, e.g., Gertz v.

16    Toyota Motor Corp., 2011 U.S. Dist. LEXIS 94183, at *10 (C.D. Cal. Aug. 22, 2011)

17    (dismissing express warranty claim where warranty did not extend to design defects); In re

18    Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, and Prods. Liab. Litig.,

19    754 F. Supp. 2d 1145, 1181-82 (C.D. Cal. 2010); Brothers v. Hewlett-Packard Co., 2007 U.S.

20    Dist. LEXIS 13155, at *14 (N.D. Cal. Feb. 12, 2007) (rejecting a breach of express written

21    warranty claim based on an alleged design defect where the warranty guaranteed against

22    defects in "materials and workmanship").

23        As articulated by the McCabe court, defects in design are of a wholly different character

24    than those occurring in the manufacturing process, whether because the materials used were

25    defective or because materials were assembled in a shoddy or otherwise improper manner.

26    Toyota Motor Corp. Unintended Acceleration, 754 F. Supp. 2d at 1181.  Therefore, because

27    an express warranty for "materials and workmanship" does not protect against design defects

28    under California law, Plaintiffs may not base their express warranty claims on design defects

because Defendant's limited warranty guarantees against "materials and workmanship." Accordingly, to the extent Plaintiffs' complaint relies on an express warranty against design defects, the Court grants Defendant's motion to dismiss.

Nevertheless, although the Court concludes that claims based on a design defect are outside the scope of Defendant's limited warranty, the Court concludes that Plaintiffs' claims are not based solely on alleged design defects. Instead, Plaintiffs allege manufacturing defects that Defendant expressly warranted to the general public, including Plaintiffs and class members, that these phones were effective, free from defects in materials and workmanship and fit for their intended use. (FAC at ¶ 97.) As courts in California have explained, a manufacturing defect exists when an item is produced in a substandard condition. McCabe, 100 Cal. App. 4th at 1120. Such a defect is often demonstrated by showing the product performed differently from other ostensibly identical units of the same product line. Id. (citing Barker v. Lull Eng'g Co., 20 Cal. 3d 413, 429 (Cal. 1978)). Plaintiffs allege manufacturing defects caused by frustrating freezes, shutdowns, and screen bleed defects. (FAC at ¶ 2, 3, 20, 30, 36.) Additionally, Plaintiffs allege a manufacturing defect in Plaintiffs' G2X phones causes the phones to randomly freeze, crash, reset or power-off completely, rendering the phones inoperable and unfit for their intended use and purpose. (Id. at ¶ 2.) Moreover, Plaintiffs incorporate consumer complaints into their pleading by alleging manufacturing defects, particularly as they pertain to the screen bleed problems with the G2X. (Id. at ¶ 38) (alleging consumer complaints about varying severity of the screen bleed defect amongst different G2X phones and complaining about "manufacturing defects.") By distinguishing defects and noting the severity, Plaintiffs' complaint describes defects in materials and workmanship. Based on the allegations in the complaint and giving all inferences to Plaintiffs, Plaintiffs sufficiently allege a manufacturing defect in material and workmanship. Therefore, the Court grants Defendant's motion to dismiss Plaintiffs' complaint to the extent it relies on breach of express warranty based on design defects and denies the remainder of Defendant's motion to dismiss Plaintiffs' breach of express warranty cause of action.

///

1

### 2. Reliance

2        Despite Defendant's contention, reliance is not required to state an express warranty

3   cause of action under California law.  It is an "incorrect legal assumption that a breach of

4   express warranty claim requires proof of prior reliance.  While the tort of fraud turns on

5   inducement, as we explain, breach of express warranty arises in the context of contract

6   formation in which reliance plays no role."  Weinstat, 180 Cal. App. 4th at 1227.  Additionally,

7   in Weinstat, the Court reversed decertification of a class based on the lower court's erroneous

8   assertion that each class member needed to establish some form of reliance, particularly where

9   the statements in question were a key part of the promotional materials and met the basic

10  threshold plaintiffs needed to satisfy.  Weinstat, 180 Cal. App. 4th at 1221.  Here, Plaintiffs

11  allege they would have acted differently if the true facts had been disclosed, (FAC at ¶¶ 51,

12  59, 68, 76, 80), and Plaintiffs allege LG Electronics knew about the defects but concealed these

13  defects from consumers.  (Id. at ¶¶ 77, 80, 86.)  The Court concludes that reliance is not

14  required under California law and that Plaintiffs allege injury-in-fact and a loss of money or

15  property.

16

### 3. Breach of Warranty

17       To successfully plead breach of express warranty, each Plaintiff must identify a breach

18  that proximately caused him injury.  See, e.g., Baltazar v. Apple, Inc., 2011 U.S. Dist. LEXIS

19  96140, at *5-6 (N.D. Cal. 2011) (citing Williams v. Beechnut Nutrition Corp., 185 Cal. App.

20  3d 135, 142 (Cal. Ct. App. 1986)).  "A manufacturer's liability for breach of an express

21  warranty derives from, and is measured by, the terms of that warranty."  Cipollone, 505 U.S.

22  at 525.  The Court concludes that Plaintiffs sufficiently allege facts to raise a right to relief for

23  breach of warranty above the speculative level.  Twombly, 550 U.S. at 555.

24       Plaintiffs allege that LG Electronics instructed consumers, including Plaintiffs, to take

25  their defective G2X phones to their cell phone carrier to address the defects.  (FAC at ¶ 66.)

26  Moreover, Plaintiffs allege that Defendant breached because Plaintiffs undertook measures to

27  remedy the G2X defects, in accordance with LG Electronics' warranty instructions, including

28  giving LG Electronics and its authorized sellers over ten opportunities to remedy the defects,

and giving LG Electronics prelawsuit notice of the defects.  (FAC at ¶¶ 46-47, 54-56, 63-66, 72-75.)  "The reasonableness of the number of repair attempts is a question of fact to be determined in light of the circumstances, but at a minimum there must be more than one opportunity to fix the nonconformity."  Robertson v. Fleetwood Travel Trailers of Cal., Inc., 144 Cal. App. 4th 785, 799 (Cal. Ct. App. 2006).   Plaintiffs allege that they contacted LG Electronics and their cellular service providers on multiple occasions, as instructed, seeking effective remedies.  (FAC at ¶¶ 46-47, 54-56, 63-66, 72-75.)  In Oregel v. Am. Isuzu Motors, Inc., 90 Cal. App. 4th 1094, 1103 (Cal. Ct. App. 2001), the court held a consumer's obligation is only to give the manufacturer or its service provider "a reasonable opportunity to repair" the product.  Plaintiffs allege that they were not made whole and instead received replacement G2X phones that also proved defective and afflicted with the same defects.  (FAC at ¶¶ 46-48, 53-58, 61-67, 72-75.)  Based on the foregoing, the Court concludes that Plaintiffs allege facts to raise a right to relief for breach of LG Electronics' express warranty above the speculative level.  Twombly, 550 U.S. at 555.  Accordingly, the Court denies Defendant's motion to dismiss Plaintiffs' breach of express warranty cause of action based on manufacturing defects.

**C. Breach of an Implied Warranty**

LG Electronics maintains that Plaintiffs' implied warranty claim arising under the Uniform Commercial Code fails due to a lack of vertical privity.  (Doc. No. 30-4 at 14.)  The UCC implies a warranty of merchantability that all goods "[a]re fit for the ordinary purposes for which such goods are used."  Cal. Com. Code § 2314(2)(c).  As a general rule, a plaintiff must stand in "vertical privity" to bring an implied warranty of merchantability claim.  See Anunziato v. eMachines, Inc., 402 F. Supp. 2d 1133, 1141 (C.D. Cal. 2005).  Under the Commercial Code, however, California has recognized an exception to the vertical privity requirement where the plaintiff consumer is an intended third-party beneficiary of the contract for sale of a good between a manufacturer and a dealer.  See Gilbert Fin. Corp. v. Steelform Contracting Co., 82 Cal. App. 3d 65, 69-70 (Cal. Ct. App. 1978) (finding that consumer could sue subcontractor for breach of implied warranty as a third-party beneficiary of subcontractor's implied warranty to general contractor).  In Toyota Motor Corp., the court concluded that

plaintiffs were the intended beneficiaries of any implied warranty of merchantability between Toyota and its auto dealers because Toyota intended for the dealers to sell its cars to consumers.  2011 U.S. Dist. LEXIS 110206, at *30-31.  And in <u>Cartwright v. Viking Indus., Inc.</u>, 249 F.R.D. 351, 356 (E.D. Cal. 2008), the district court upheld implied warranty claims where the plaintiffs were "intended to be the ultimate consumers" of the windows at issue. The Court concludes that there is an issue of fact as to whether privity is required or whether Plaintiffs were intended beneficiaries.  Accordingly, the Court denies Defendant's motion to dismiss.

Next, LG Electronics argues that the power-off and screen bleed defects do not render the G2X phones unfit for their ordinary purpose.  (Doc. No. 30-4 at 17.)  The Court disagrees. Under California Commercial Code § 2314(2), products are merchantable if they are "fit for the ordinary purposes for which such goods are used."  In <u>Isip v. Mercedes-Benz USA, LLC</u>, 155 Cal. App. 4th 19, 26-27 (Cal. Ct. App. 2007), the court concluded:

> We reject the notion that merely because a vehicle provides transportation from point A to point B, it necessarily does not violate the implied warranty of merchantability.  A vehicle that smells, lurches, clanks and emits smoke over an extended period of time is not fit for its intended purposes.

<u>Id.</u> at 27.  Plaintiffs contend that a cell phone that repeatedly shuts down, freezes, does not work unless a consumer repeatedly removes and replaces the battery, and bleeds light around the screen resulting in degraded images, may not be fit for its ordinary purpose.  (FAC at ¶¶ 2, 29.)  Plaintiffs allege that the power-off defect was not just inconvenient to Plaintiffs but rendered the G2X phones unusable for their intended purposes of making and receiving calls, messages, e-mails, alerts, and alarms.  (<u>Id.</u> at ¶ 29.)  Moreover, Plaintiffs allege that the screen bleed defect resulted in degraded image quality, continually impacting the G2X phone's use and performance, including adversely impacting consumers' ability to watch videos or play games as intended and promoted on G2X phones.  (FAC at ¶¶ 36-37.)  Further, all Plaintiffs sought out replacements because their phones failed to function properly or serve their intended purpose.  (FAC at ¶¶ 47, 54, 64, 65, 73); <u>cf.</u> <u>Tietsworth v. Sears, Roebuck & Co.</u>, 720 F. Supp. 2d 1123, 1142-43 (N.D. Cal. 2010) (concluding that because plaintiff used her

washing machine for a year and did not replace it within the one-year warranty period or ask for a replacement, it was found to be fit for its ordinary use). As such, the Court concludes that Plaintiffs allege facts to make their claim for breach of the implied warranty of merchantability above the speculative level. <u>Twombly</u>, 550 U.S. at 555. Accordingly, the Court denies Defendant's motion to dismiss Plaintiffs' breach of implied warranty cause of action.

## D. Magnuson-Moss Warranty Act

The Magnuson-Moss Warranty Act ("MMWA") provides a federal cause of action for state law express and implied warranty claims. 15 U.S.C. §§ 2301, *et. seq.* Under the MMWA, a consumer may bring suit against a warrantor in any state for failure to comply with its obligations under a written warranty or implied warranty. 15 U.S.C. § 2310(d)(1). Dismissal of the state law express and implied warranty claims requires the same disposition with respect to an associated MMWA claim. <u>Clemens v. Daimlerchrysler Corp.</u>, 534 F.3d 1017, 1022 (9th Cir. 2008); <u>In re Sony Grand Wega, KDF-E A10/A20 Series Rear Projection HDTV Television Litig.</u>, 758 F. Supp. 2d 1077, 1101 (S.D. Cal. 2010). Therefore, because the Court concludes that Plaintiffs have stated a claim for breach of express and implied warranty under state law, the Court denies Defendant's motion to dismiss Plaintiffs' MMWA cause of action.

## E. Song-Beverly Warranty Act

The Song-Beverly Warranty Act provides that "every sale of consumer goods that are sold at retail in this state shall be accompanied by the manufacturer's and the retail seller's implied warranty that the goods are merchantable." Cal. Civ. Code § 1792. By its terms, the Song-Beverly Warranty Act applies only to goods sold in California. <u>Id.</u> The Court concludes that only Defendant Horvath, who purchased his G2X phone in Oceanside, California, has standing to pursue a claim under the Song-Beverly Warranty Act. (FAC at ¶ 42.)

The Song-Beverly Warranty Act requires every manufacturer of consumer goods sold in California for which the manufacturer has made an express warranty to maintain "in this state sufficient service and repair facilities reasonably close to all areas where its consumer goods are sold to carry out the terms of those warranties" or designate and authorize an

independent repair facility within this state to carry out those duties.  Cal. Civ. Code § 1793.2(a)(1)(A).  The consumer is required to deliver the nonconforming goods to the manufacturer's service and repair facility in this state.  Cummins, Inc. v. Superior Court, 36 Cal. 4th 478, 488-89 (Cal. 2005).  Plaintiff Horvath alleges that when he contacted LG Electronics to inquire about repair or replacement for his G2X phone, LG Electronics informed him that he would have to mail his phone to them for service or replacement at a location outside of California.  (FAC at ¶ 49).  The Court concludes that Plaintiff Horvath has alleged facts sufficient to raise his right to relief for violations of the Song-Beverly Warranty Act above the speculative level.  Twombly, 550 U.S. at 555.  Therefore, the Court grants Defendant's motion to dismiss Plaintiffs Forsythe, Johnson, and Montgomery's causes of action under the Song-Beverly Warranty Act, but denies Defendant's motion to dismiss Plaintiff Horvath's cause of action under the Song-Beverly Warranty Act.

### F. Consumer Legal Remedies Act

The Consumer Legal Remedies Act ("CLRA") prohibits "unfair methods of competition and unfair or deceptive acts or practices in transactions for the sale or lease of goods to consumers." Daugherty v. Am. Honda Motor Co., 144 Cal. App. 4th 824, 833 (Cal. Ct. App. 2006) (citing Cal. Civ. Code § 1770(a)).  Because the Court declines to apply California consumer protection law to out-of-state Plaintiffs, the Court grants Defendant's motion to dismiss Plaintiffs Forsythe, Johnson, and Montgomery's causes of action under the CLRA without prejudice.

A claim under the CLRA may be based on a fraudulent omission if (1) the omission was contrary to a representation actually made by the defendant, or (2) the omission was of a fact the defendant was obliged to disclose.  Daugherty, 144 Cal. App. 4th at 835.  The obligation to disclose can arise in four circumstances:

> (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material fact.

Falk v. Gen. Motors Corp., 469 F. Supp. 2d 1088, 1094-95 (N.D. Cal. 2007) (citing LiMandri

v. Judkins, 52 Cal. App. 4th 326, 337 (Cal. Ct. App. 1997)).  Here, Plaintiff Horvath alleges that LG Electronics had exclusive knowledge of the material fact that the G2X phones were defective due to the power-off defect and screen-bleed defects.  (FAC at ¶ 156.)  Plaintiff Horvath alleges that he did not know of the defect when he purchased the G2X phones and that he would not have purchased the defective G2X phone had he known about the defect.  (Id.)  Plaintiff Horvath alleges that the defect caused the G2X phone to fail to perform in accordance with its expected characteristics, uses, and benefits within the warranty period.  (Id. at ¶ 155.)

The Court concludes that Plaintiff Horvath has adequately alleged concealment of a material fact–the product defect.  Thus, Defendant had a duty to disclose such information.  Defendant's reliance on Kearns v. Ford Motor Co., 567 F.3d 1120 (9th Cir. 2009), is not applicable here.  In Kearns, the court concluded that Federal Rule of Civil Procedure 9(b) is applicable to CLRA claims when a claim based solely on fraud is alleged.  Id. at 1125 ("[r]eviewing the complaint, Kearns alleges that Ford engaged in a fraudulent course of conduct").  Alternatively, Rule 9(b) does not require that allegations supporting a claim be stated with particularity when those allegations describe non-fraudulent conduct.  Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1104 (9th Cir. 2003) (reversing dismissal of UCL and CLRA claims under Rule 9(b) because those claims did not solely depend on averments of fraud.)  Similar to the plaintiffs in Vess, Plaintiff Horvath does not allege CLRA claims based solely on averments of fraud.  Even if the heightened pleading requirements of Rule 9(b) apply, Plaintiff Horvath satisfies the requirements by alleging that LG Electronics had notice of the defects based on consumer postings on LG Electronics' website, and Plaintiff Horvath alleges that LG Electronics' responses to the postings suggest LG Electronics had knowledge of the content of those postings.  (FAC at 9-15.)  Thus, even if the heightened pleading requirements apply, Plaintiff Horvath alleged sufficient facts to raise a right to relief for CLRA above the speculative level by alleging that LG Electronics failed to disclose material facts known exclusively to LG Electronics in violation of CLRA.  (FAC at ¶¶ 10-13, 33, 80, 89, 156-157.)  Accordingly, the Court denies Defendant's motion to dismiss Plaintiff Horvath's cause of action under the CLRA and grants Defendant's motion to dismiss Plaintiffs Forsythe,

1  Johnson, and Montgomery's causes of action under the CLRA without prejudice.

2      **G.  California Unfair Competition Law**

3      California's Unfair Competition Law ("UCL") prohibits "any unlawful, unfair, or

4  fraudulent business act or practice."  Cal. Bus. & Prof. Code §§ 17200, *et. seq.*  Plaintiffs

5  alleges that LG Electronics' conduct is both "unlawful" and "unfair" under section 17200.

6  (FAC at ¶¶ 135-145.)  Because the Court declines to apply California consumer protection law

7  to out-of-state Plaintiffs, the Court grants Defendant's motion to dismiss Plaintiffs Forsythe,

8  Johnson, and Montgomery's causes of action under the UCL without prejudice.  For the

9  following reasons, the Court denies Defendant's motion to dismiss Plaintiff Horvath's UCL

10  cause of action.

11      **1.  Unlawful Business Practices**

12      Under its "unlawful" conduct prong, the UCL "borrows violations of other laws and

13  treats these violations, when committed pursuant to business activity, as unlawful practices

14  independently actionable under section 17200 et seq. and subject to the distinct remedies

15  provided thereunder."  <u>Farmers Ins. Exch. v. Superior Court</u>, 2 Cal. 4th 377, 383 (Cal. 1992)

16  (internal citations and quotations omitted); see also <u>Cel-Tech Comm'ns, Inc. v. Los Angeles</u>

17  <u>Cellular Tel. Co.</u>, 83 Cal. Rptr. 2d 548, 560-61 (Cal. 1999).  Here, Plaintiff Horvath alleges

18  unlawful acts based on breach of express and implied warranties (FAC at ¶¶ 93-116),

19  violations of Song-Beverly Warranty Act (<u>id.</u> at ¶¶ 117-123), and statutory violations of

20  Magnuson-Moss Warranty Act and the Consumer Legal Remedies Act.  (<u>Id.</u> at ¶¶ 124-134;

21  146-160).  For the reasons addressed, Plaintiff Horvath has sufficiently alleged these causes

22  of action.  Therefore, Plaintiff Horvath's cause of action under the "unlawful" prong of the

23  UCL survives.  Accordingly, the Court denies Defendant's motion to dismiss Plaintiff

24  Horvath's cause of action under the UCL "unlawful" prong.

25      **2.  Unfair Business Practices**

26      The UCL also makes actionable "unfair" business practices.  Cal. Bus. & Prof. Code

27  §§ 17200, *et. seq*.  The UCL establishes three independent categories of practices that

28  constitute unfair competition.  <u>Cel-Tech Comm'ns, Inc.</u>, 83 Cal. Rptr. 2d at 570.  California

1  courts have set forth two standards for determining whether a practice challenged by a

2  consumer action is "unfair" for UCL purposes:   One line of cases defines "unfair" as

3  prohibiting conduct that is immoral, unethical, oppressive, unscrupulous, or substantially

4  injurious to consumers and requires the court to weigh the utility of the defendant's conduct

5  against the gravity of the harm to the alleged victim.  See Cel-Tech Comm'ns, Inc., 83 Cal.

6  Rptr. 2d at 570.  The other line of cases holds that the public policy which is a predicate to a

7  consumer unfair competition action under the "unfair" prong of the UCL must be tethered to

8  specific constitutional, statutory, or regulatory provisions.  Bardin v. Daimlerchrysler Corp.,

9  136 Cal. App. 4th 1255, 1260-61 (Cal. Ct. App. 2006) (internal citations omitted).

10         Plaintiff Horvath alleges that LG Electronics acted unfairly by selling defective G2X

11  phones and failing to use reasonable care to test its products prior to sale.  (FAC at ¶¶ 141-

12  142.) Moreover, Plaintiff Horvath alleges that LG Electronics continued to sell these defective

13  G2X phones after learning about the defect.  (Id. at ¶ 36.)  Plaintiff Horvath further alleges that

14  LG Electronics misled Plaintiff Horvath when LG Electronics disclaimed knowledge of the

15  defect and maintained that LG Electronics had no responsibility to fix it.  (Id. at ¶ 48.)  The

16  Court concludes that the alleged harm to Plaintiff Horvath outweighs any purported benefit to

17  LG Electronics and reasonable alternatives were available to placing allegedly defective G2X

18  phones in the stream of commerce.  Accordingly, the Court denies Defendant's motion to

19  dismiss Plaintiff Horvath's cause of action under the UCL "unfair" prong.

20         **H.  Common Law Claims**

21         Plaintiffs seek restitution under the common law theories of assumpsit and quasi-

22  contract.  (FAC at ¶¶ 161-66.)  Defendant argues that because there are written agreements

23  establishing Plaintiffs' rights and LG Electronics' obligations, these quasi-contract theories are

24  inapplicable.  (Doc. No. 30-4 at 23.)  Federal Rule of Civil Procedure 8(e)(2) permits pleading

25  in the alternative, and the Court concludes that at this point, dismissal of Plaintiffs' common

26  law claims is premature.

27  ///

28  ///

11cv1576

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Conclusion**

Based on the foregoing, the Court:

(1) GRANTS Defendant's motion to dismiss Plaintiffs' cause of action for breach of express warranty based on design defects and DENIES the remainder of Defendant's motion to dismiss Plaintiffs' cause of action for breach of express warranty;

(2) DENIES Defendant's motion to dismiss Plaintiffs' breach of implied warranty causes of action;

(3) DENIES Defendant's motion to dismiss Plaintiffs' Magnuson-Moss Warranty Act cause of action;

(4) DENIES Defendant's motion to dismiss Plaintiff Horvath's cause of action under the Song-Beverly Warranty Act, and GRANTS Defendant's motion to dismiss Plaintiffs Forsythe, Johnson, and Montgomery's causes of action under the Song-Beverly Warranty Act without prejudice;

(5) DENIES Defendant's motion to dismiss Plaintiff Horvath's CLRA cause of action, and GRANTS Defendant's motion to dismiss Plaintiffs Forsythe, Johnson, and Montgomery's CLRA cause of action without prejudice;

(6) DENIES Defendant's motion to dismiss Plaintiff Horvath's UCL causes of action, and GRANTS Defendant's motion to dismiss Plaintiffs Forsythe, Johnson, and Montgomery's UCL causes of action without prejudice; and

(7) DENIES Defendant's motion to dismiss Plaintiffs' common law claims.

The Court also directs Defendant to file an answer within 30 days of this order.

**IT IS SO ORDERED.**

DATED: February 13, 2012

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

11cv1576