1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TERRY HORVATH, JEREMY FORSYTHE, RONALD JOHNSON, and FRED MONTGOMERY, individually and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>v.<br><br>LG ELECTRONICS MOBILECOMM U.S.A., INC., a California corporation;<br><br>Defendant. | Case No. 3:11-cv-01576-H<br><br>**ORDER APPROVING STIPULATION FOR PROTECTIVE ORDER [DOC. NO. 59] – AS MODIFIED BY THE COURT** |

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

---
1
ORDER APPROVING STIPULATION FOR PROTECTIVE ORDER

Upon good cause appearing for this Order's entry, because discovery in this action (the "Action") may contain certain sensitive, confidential, proprietary or trade secret information and documents, the protective order sought herein ("Protective Order") is warranted under the circumstances and is sufficiently tailored to avoid unduly hindering access by the public to the Court's records and files in this matter.

Accordingly, IT IS HEREBY ORDERED:

**1. Scope.** This Protective Order governs the treatment of information and materials (collectively "Discovery Material") disclosed or produced in discovery by any party or nonparty ("Producing Party") in the Action (which includes any individual, corporation, partnership, unincorporated association, governmental agency, or other business or governmental entity) and information derived therefrom in whatever form including, without limitation, all copies, excerpts or summaries of documents, data, information, live deposition testimony, deposition transcripts, deposition exhibits, interrogatory answers, and other discovery authorized by the Federal Rules of Civil Procedure. This Protective Order governs Confidential Discovery Materials and Confidential Information as described in ¶ 3.

**2. Use Limitation.** Discovery Material may be used solely for the prosecution or defense of the Action, including any appeals and may be disclosed only under the circumstances and to the persons specifically provided for in this or subsequent Court orders, or with the prior written consent of the Producing Party with respect to specifically identified Confidential Information and may not be used for any other business or purpose.

**3. Confidential Discovery Material.** Any Producing Party may designate as "Confidential" any Discovery Material the Producing Party believes in good faith contains non-public personal information (*e.g.* consumer financial or medical information) or competitively

sensitive information, including trade secrets or other research, development or commercial information, the disclosure of which would likely cause commercial harm to the Producing Party or from which the Producing Party derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use ("Confidential Information"). All Discovery Material so designated shall be referred to herein as "Confidential Discovery Material" and shall be handled in strict accordance with the terms of this Protective Order.

**4. Designation of Confidentiality.**

a. Documents and Physical Objects. All Confidential Discovery Material in the form of physical objects or documents shall be designated, as appropriate, by stamping or marking a legend bearing the word "CONFIDENTIAL" along with an identifying document control number prefixed with one or more letters identifying the Producing Party. In cases where Material to be produced is in a form other than individual paper or electronic documents and images, including, without limitation, audiotape, videotape, computer tape, microfilm or microfiche, and electronic media such as computer card, computer disc, compact disc, and DVDs, the Producing Party shall affix to the Material itself or to its container a stamp or other clear designation bearing the word "CONFIDENTIAL" prior to making such documents available for inspection, and the Producing Party shall identify those portions of the contained material which are "Confidential." Any such designation shall subject the document or portion of the document, or Material or portion of the Material, to this Protective Order without any further act on the Producing Party's part.

b. Depositions. A Producing Party may, on the record of a deposition, designate in good faith any portion(s) of such transcript(s), including exhibits and videotape, as Confidential

Discovery Material under this Protective Order's terms. Testimony shall be deemed Confidential Discovery Material if it is or has been designated as such on the record, or if within thirty (30) days after the deposition, the Producing Party specifies in writing those portions of the testimony containing Confidential Discovery Material. In the case of a nonparty witness, testimony can be designated as containing Confidential Discovery Material either by a party, by the nonparty witness, or upon the parties' agreement.

All deposition transcript copies containing material designated as Confidential Discovery Material shall be prominently marked "CONFIDENTIAL" on the cover thereof and on each page containing Confidential Discovery Material and, if filed with the Court, the portions of such transcripts so designated shall be filed in accordance with the provisions of paragraph 7, *infra*.

c. If a Producing Party believes, in good faith, it has documents or information in its possession, which are discoverable in this Action, and which contain or constitute "Confidential Information" of a nonparty to the Action, the Producing Party may designate the documents or information as Confidential Discovery Material.

d. In the event that a Producing Party is required, by a valid discovery request, to produce a nonparty's confidential information in its possession, and the Producing Party is subject to an agreement with the nonparty not to produce the nonparty's confidential information, then the Producing Party shall:

(1) promptly notify in writing the requesting party and the nonparty that some or all of the information requested is subject to a confidentiality agreement with a nonparty;

(2) promptly provide the nonparty with a copy of the protective order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the nonparty.

e. If the nonparty fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Producing Party may produce the nonparty's confidential information responsive to the discovery request. If the nonparty timely seeks a protective order, the Producing Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the nonparty before a determination by the court. Absent a court order to the contrary, the nonparty shall bear the burden and expense of seeking protection in this court of its protected material.

**5. Restrictions on the Use of Confidential Discovery Material.** Confidential Discovery Material may be disclosed, summarized, described, or otherwise communicated or made available, in whole or in part, without written consent from the Producing Party, only to the following persons:

a. counsel of record, their associated attorneys, paralegals, assistants, secretaries and support staff participating in this Action;

b. counsel who are employed by either party as "in-house counsel" and such in-house counsel's employees who are assisting in the prosecution or defense of this Action, including paralegals, assistants, secretaries, and clerical staff;

c. the named individual parties to this action and the officers, directors and other present employees of the parties, including former employees of the parties who were identified as authors or recipients of the Confidential Discovery Material while they were employed, and who are reviewing the Confidential Discovery Material in order to assist in the prosecution or defense of the Action;

d. experts and consultants (including their secretarial, technical and clerical employees) retained by the parties or their counsel with respect to this Action;

e. any witness and the witness's counsel, if a party deems disclosure necessary for the purpose of the prosecution or defense of this Action;

f. the Court, Court officers and personnel, the jury or factfinder, and any other person designated by the Court in this Action in the interest of justice, upon such terms as the Court may deem proper;

g. stenographers, court reporters, notaries and their staff who record testimony taken at any time or place in the course of this Action or persons operating video recording equipment of and at such testimony;

h. commercial copy services, translators, data entry and computer support organizations, including persons who assist in preparing demonstrative trial exhibits, or the retrieval or management of electronically stored information, who are assisting counsel for a party in connection with this Action; and

i. any other persons agreed to in writing by the parties, either as to all or any Confidential Discovery Material.

**6. Certification to be Bound by Protective Order.** Before a party may disclose Confidential Discovery Material to any person described in subparagraphs 5d and 5e, *supra*, the person to whom disclosure is to be made shall read a copy of this Protective Order, and shall evidence his agreement to be bound by its terms, conditions, and restrictions by signing a copy of the Non-Disclosure Agreement attached hereto as Exhibit A. If an expert or consultant is to be shown Confidential Discovery Material for the first time at deposition, the requirements of this

paragraph will be satisfied if the expert or consultant first declares on the record, under oath, (s)he has received a copy of the Protective Order and agrees to be bound by its provisions.

Further, in the event additional parties join or are joined in this Action, they shall not have access to Confidential Discovery Material until the newly joined party or its counsel has executed and, at the request of any party, filed with the Court its agreement to be fully bound by this Protective Order.

**7. Use of Confidential Material in Pleadings and Other Court Papers.** Any party seeking to file Confidential Discovery Material shall do so under seal pursuant to the Electronic Case Filing Administrative Policies & Procedures for filing sealed documents in civil cases for the Southern District of California.

No items will be filed under seal without a prior application to, and order from, the judge presiding over the hearing or trial. Only when the judge presiding over the hearing or trial permits filing an item or items under seal may confidential material filed with the Court be filed in a sealed envelope or other container marked on the outside with the caption of this action and the following statement:

"CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER."

If any person fails to file protected documents or information under seal, any party to this lawsuit may request that the Court place the filing under seal.

Whenever the Court grants a party permission to file an item under seal, a duplicate disclosing all nonconfidential information shall be filed and made part of the public record. The item may be redacted to eliminate confidential material from the public document. The public document shall be titled to show that it corresponds to an item filed under seal, e.g., "Redacted

Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment." The sealed and redacted documents shall be filed simultaneously.

**8. Dispute Resolution.** The following procedures shall govern challenges to confidentiality designations.

a. If a party reasonably believes information should not be designated as "Confidential," it shall specify, either in writing or orally (*e.g.* during oral examination at a deposition) to the Producing Party the information at issue and the grounds for questioning the confidentiality designation. The Producing Party must respond in writing within ten (10) business days, orally at the deposition, or otherwise within a time agreed to by counsel or as ordered by the Court. If no response is received by that time, the confidentiality designation shall be deemed withdrawn.

b. If agreement cannot be reached, the party challenging the confidentiality designation may move the Court to lift the designation. Until the Court rules, the confidentiality designation shall remain in effect.

c. Where the Producing Party's basis for the confidentiality designation is a good faith belief the designated materials contain Confidential Information of a nonparty, the Producing Party shall identify the nonparty in the Producing Party's response to the party challenging the designation. The challenging party may move the court to lift the designation, with notice to the nonparty.

d. Nothing in this Order shall be deemed to (re)allocate any substantive burdens with respect to confidentiality. The party or nonparty claiming confidentiality shall at all times have the burden to establish the challenged document or information is entitled to confidential treatment.

**9. Inadvertent Production or Designation.** The inadvertent failure to stamp a document or other information, or a portion thereof, with the confidentiality designation neither alters nor waives the protected and confidential nature of the information otherwise deserving of such a designation and does not remove it from the scope of this Protective Order, provided the Producing Party notifies the other party, in writing, within fifteen (15) days after becoming aware the Confidential Information was not properly designated. Such written notice shall identify with specificity the information or documents the Producing Party is designating to be "Confidential" and shall promptly provide a replacement copy of such material with the appropriate "CONFIDENTIAL" designation thereupon. Treatment of inadvertently produced or undesignated Confidential Discovery Material in a manner inconsistent with this Protective Order prior to notice of such inadvertent production is not a breach of this Protective Order. Counsel shall cooperate to restore the confidentiality of any such inadvertently produced information.

**10. Inadvertent Production of Information Subject to Immunity from Discovery.** Nothing in this Protective Order shall require production of information a party contends is protected from disclosure by the attorney-client privilege, the work-product doctrine, or other applicable privilege. In the event counsel of record for a party in this Action learns or discovers that information subject to immunity from discovery on the basis of attorney-client privilege, work product, or other valid basis has been inadvertently produced, counsel for Producing Party shall notify the other party or parties in writing within ten (10) days after so learning or discovering such inadvertent production has been made. The inadvertently disclosed information and all copies thereof shall be returned to the Producing Party without review by the Receiving Party. Such inadvertent disclosure shall not result in the waiver of any associated privilege,

9
ORDER APPROVING STIPULATION FOR PROTECTIVE ORDER

provided the Producing Party has given timely notice as provided in this paragraph. Counsel shall cooperate to restore the confidentiality of any such inadvertently produced information.

**11. Procedure for Use in Court.** Before trial of this Action or any hearing involving Confidential Discovery Materials or information derived therefrom, the parties, through counsel, shall confer in an attempt to agree on an appropriate method to submit to the Court documents, testimony or other information designated as Confidential Discovery Material. Nothing in this Protective Order shall be construed to affect in any way the admissibility of any documents, testimony or other evidence at trial, nor constitute a waiver of any objection thereto.

**12. Third Party Requests for Information.** In the event any party is (a) subpoenaed in another action, (b) served with a demand in another action to which it is a party, or (c) served with any legal process by one not a party to this Action (including any federal state or foreign government agency), seeking information which was produced or designated as Confidential Discovery Material by someone other than the party, then the party to whom the subpoena or other request is directed shall within five (5) business days from receipt of such subpoena or request, unless a shorter time is required under the circumstances, give written notice thereof to the Producing Party with respect to Confidential Discovery Material sought, and shall respond to the subpoena, demand, or legal process by setting forth the existence of this Protective Order and shall cooperate with the Producing Party so that the Producing Party can appear and timely object to production. To the extent permitted by law, the party subject to the subpoena, demand, or legal process shall withhold the Confidential Discovery Material until any timely objection by the Producing Party has been resolved.

**13. Own Use.** Nothing in this Protective Order shall be interpreted to prohibit or prevent the Producing Party from reviewing, using, or disclosing its own Confidential Discovery

Material in any manner it deems appropriate. Any such use or discussion of Confidential Discovery Material shall not be deemed a waiver of the terms of this Protective Order. The manner in which such Confidential Discovery Material is used or disclosed, however, may be used by any party as a basis for challenging a confidentiality designation.

**14. Termination.** Except as otherwise agreed in writing by the parties, within ninety (90) days after settlement or this Action's termination becomes final, all Confidential Discovery Material supplied by a Producing Party and all copies thereof (including, without limitation, copies provided to testifying or consulting experts) shall, at the possessing party's choice, be returned to the Producing Party, or in the alternative counsel shall certify in writing to the Producing Party all such materials in their possession, custody, or control have been destroyed. This Protective Order shall survive this Action's final termination concerning such Confidential Discovery Material.

Counsel of record for any party, however, shall be entitled to retain court papers filed with the court, deposition and trial transcripts and exhibits, and their own attorney work product, provided such counsel, and employees of such counsel, shall not disclose any Confidential Discovery Material contained in such court papers, transcripts, or attorney work product to any person or entity except pursuant to a written agreement with the Producing Party. No portion of this provision requires the disclosure of attorney work product to any other party or counsel at any time.

**15. Retrieval of Confidential Discovery Material from Court File.** Any Producing Party may obtain the return of any previously-sealed or previously-restricted documents filed with the Clerk of Court by moving the Court for the return of such documents. Any documents

not so withdrawn will be subject to the rules and procedures for such documents in the Southern District of California, including Local Rule 79.1.

**16. Effect on Discovery.** This Protective Order shall not affect the scope of discovery in this Action, nor shall this Protective Order imply Material designated as "Confidential" under the terms of this Protective Order is properly discoverable, relevant or admissible in this Action or in any other litigation. Nothing in this Protective Order shall be interpreted to require disclosure of information which a party contends is protected from disclosure by the attorney client privilege or the attorney work-product doctrine.

**17. Advice to Clients.** Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this Action and, in the course of rendering advice, referring to or relying generally on the examination of Confidential Discovery Material produced or exchanged; provided, however, in rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose the contents of any Confidential Discovery Material produced by another party if such disclosure would be contrary to this Protective Order's terms.

**18. Ongoing Protections.** Each document, material, or other thing, or portion thereof designated as "Confidential" shall retain the designation and shall remain subject to this Protective Order's terms until such time as the parties agree to the contrary or the Court renders a decision that a particular document, material, or other thing or portion thereof, is not subject to this Protective Order, any and all proceedings or interlocutory appeals challenging such decision are concluded, and the decision is final.

**19. Amendment.** Any party may apply to the Court, upon written notice in accordance with the Court's rules, for an Order amending, modifying or vacating provisions of this

Protective Order. Nothing in this Protective Order shall be construed as prejudicing any Producing Party's right to seek an agreement or Court order providing additional confidentiality or other protections to any Confidential Discovery Material produced in this Action. Until such agreement or order is obtained, however, this Protective Order shall constitute the entire agreement of the parties with respect to the matters covered herein.

**20. Court Retains Jurisdiction.** This Protective Order shall survive this Action's final conclusion and the Court shall maintain jurisdiction to enforce this Protective Order. All persons receiving or given access to Confidential Discovery Material subject to their agreement to the terms of this Confidentiality Agreement consent to the continuing jurisdiction for the purposes of enforcing this Protective Order and remedying any violations thereof.

**IT IS SO ORDERED.**

Dated: January 25, 2013

_____
RUBEN B. BROOKS
United States Magistrate Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY HORVATH, JEREMY FORSYTHE, RONALD JOHNSON, and FRED MONTGOMERY, individually and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>        v.<br><br>LG ELECTRONICS MOBILECOMM U.S.A., INC., a California corporation;<br><br>Defendant. | Case No. 3:11-cv-01576-H |

### ATTACHMENT A

### NON-DISCLOSURE AGREEMENT

The undersigned hereby acknowledges s/he has been advised of the terms or has read the Protective Order Governing Use And Dissemination Of Confidential Documents And Materials ("Order") entered in the following action: *Terry Horvath v. LG Electronics Mobilecomm U.S.A., Inc.*, United States District Court, Southern District of California, Case No. 3:11-cv-01576-H.

I agree to be bound by the terms of said Order, to be subject to the jurisdiction of the court in the above action solely for purposes of any disputes arising from the terms of the Order or performance thereunder, and, pursuant to the Order's terms, agree to maintain in strict confidence all Materials designated Confidential Discovery Materials as defined therein.

I understand this Material and its subject matter is to remain in my personal custody and shall not be disclosed to any persons other than those permitted by the terms of this Order until I have completed my assigned duties, whereupon such information is to be returned to counsel who provided it to me. I further agree to notify any personnel assisting me of the terms of said Order and to obtain an agreement from such personnel to be bound by it to the same extent I am bound.

Dated: _____, 2013          _____
                                                              [SIGNATURE]