DOYLE LOWTHER LLP
WILLIAM J. DOYLE II (188069)
JOHN A. LOWTHER (207000)
JAMES R. HAIL (202439)
SAMANTHA A. SMITH (233331)
KATHERINE S. DIDONATO (272704)
10200 Willow Creek Road, Suite 150
San Diego, CA 92131
Tel: (858) 935-9960
Fax: (858) 939-1939

*Attorneys for plaintiffs and the proposed class*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY HORVATH, JEREMY FORSYTHE, RONALD JOHNSON, and FRED MONTGOMERY, individually and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>v.<br><br>LG ELECTRONICS MOBILECOMM U.S.A., INC., a California corporation;<br><br>Defendant. | Case No. 3:11-cv-01576-H<br><br>CLASS ACTION<br><br>**Declaration of John Lowther in Support of Plaintiffs' Motion for Entry of Order Preliminarily Approving Settlement and Class Notice Program**<br><br>Date: November 4, 2013<br>Time: 10: 30.am.<br>Judge: Hon. Marilyn L. Huff |

I, John Lowther, declare as follows:

## I. Introduction

1. I am an attorney admitted to practice before this Court and am a partner with Doyle Lowther LLP of California, one of the counsel of record for Plaintiffs in this action.

2. As one of the counsel of record directly negotiating the terms of this Settlement Agreement,[1] I have personal knowledge of the matters set forth in this Declaration, which is filed in support of the Motion for Entry of Order Preliminarily Approving Settlement and Class Notice Program. If called to testify, I could and would competently testify to the following facts stated herein.

3. Attached hereto as Exhibit A is a true and correct copy of the Settlement Agreement approved and executed by the Parties and their counsel, along with the relevant exhibits.

## II. Procedural History

4. On July 18, 2011, Plaintiff Terry Horvath filed his class action complaint for various claims on behalf of purchasers of LG G2x Phones. (ECF No. 1.) After Plaintiff Horvath filed his initial complaint, Defendant LGEMU filed its Motion to Dismiss the Class Action Complaint on October 28, 2011. (ECF No. 20).

---

[1] Except as otherwise specified herein, all defined terms set forth in this Declaration shall have the same meaning as set forth in the Settlement Agreement.

1
_____
JOHN LOWTHER DECLARATION 11-cv-1576

After meeting and conferring over the issues outlined in Defendant's motion, Plaintiffs Terry Horvath, Jeremy Forsythe, Ronald Johnson, and Fred Montgomery filed a First Amended Class Action Complaint on November 17, 2011. (ECF No. 23.) Defendant withdrew its motion. Shortly thereafter, Defendant moved to dismiss the Operative Complaint. (ECF No. 30.)

5. After the Parties briefed and argued Defendant's second motion to dismiss, the Court issued an order granting and denying the motion in part. (ECF No. 36.) Defendant filed an Answer to the Complaint on March 14, 2012 (ECF No. 37). The Parties then engaged in extensive discovery against defendant LGEMU and against third-party wireless carrier T-Mobile U.S., Inc. ("T-Mobile"), which efforts continued until the time when the matter finally settled. Plaintiffs' deadline to file a motion for class certification was August 23, 2013, and trial was set for December 11, 2013. (ECF No. 75.) Thus, the matter was sufficiently advanced at the time of settlement to make an informed conclusion about the strengths and weaknesses of the claims asserted in this Litigation.

III. **Overview of the Settling Parties' Arms' Length Settlement Negotiations**

6. As part of the settlement negotiation process, the Parties negotiated directly with each other on several occasions. Initial settlement negotiations, which took place shortly after the case commenced in 2011, failed to result in a settlement.

Talks ended, litigation resumed, and the Parties then proceeded to law and motion practice and discovery.

7.   Following further discovery efforts and a Court-mandated early resolution effort before Magistrate Judge Ruben Brooks, another round of settlement talks commenced, which lasted over a period of approximately eight months. This round of talks was materially assisted by Ms. Catherine Yanni of JAMS, an independent and highly-regarded mediator with extensive knowledge and expertise in the field of consumer class action litigation, and particular expertise with defective consumer products, including electronic devices. Ms. Yanni has mediated many large and complex consumer class action cases, and Ms. Yanni also has served as a settlement and discovery special master and a discovery referee. She has indicated she is willing to discuss or provide a declaration to the Court about her experience and the settlement negotiation process in this case. Attached hereto as Exhibit B is a true and correct copy of Ms. Yanni's *curriculum vitae*.

**A.   Failed early resolution discussions**

8.   Soon after this matter was filed on July 18, 2011, representatives for both Parties engaged in several months and multiple rounds of substantive discussions concerning potential early resolution of the action. The efforts included representatives for both Parties meeting in-person in Southern California. The discussions were substantive and some progress was made on the scope of issues and

potential relief. Plaintiffs' counsel conducted extensive due diligence into the proposed relief, including research to confirm whether the proposed relief would in fact remedy the alleged G2x Phone defects.

9. After several months of earnest negotiations, settlement talks reached an impasse and then collapsed. Although the talks proceeded in good faith, and the Parties devoted substantial efforts to resolving this dispute, the early resolution effort failed. Thereafter, the Parties proceeded to litigate the matter before the Court.

10. Following the initial round of failed early negotiations and following law-and-motion practice, a Court-mandated early resolution effort was undertaken before Magistrate Judge Ruben Brooks, during which the Parties met in-person on May 14, 2012. (ECF No. 38.) The negotiations, however, failed to resolve the dispute. (ECF No. 42.)

11. Only after the Court ruled on Defendant's motion to dismiss, Plaintiffs' discovery efforts against LGEMU intensified, and third-party discovery efforts in Washington State against wireless carrier T-Mobile commenced, did another round of settlement discussions resume in January 2013.

**B.  Additional failed attempts at settlement discussions**

12. After the Parties retained the mediation services of Ms. Yanni, a round of formal mediation discussions began on March 22, 2013, when counsel for

4
_____
JOHN LOWTHER DECLARATION 11-cv-1576

Plaintiffs and for Defendant met with Ms. Yanni to discuss generally the facts, strength and weaknesses of claims and defenses, and the Parties' legal positions.

13. Extensive discussions and negotiations ensued, culminating on May 17, 2013, when the Parties and their counsel participated in another formal, in-person mediation session in Northern California, mediated by Ms. Yanni.

14. Additional rounds of arms' length and sometimes contentious negotiations followed, but again, no agreement to settle was reached. Concurrent with these negotiations, Class Counsel met and conferred and briefed discovery disputes both before this Court and in Washington State.

15. During summer 2013, Plaintiffs were fully engaged in preparations to file a class certification motion and, ultimately, preparing for trial. At the same time Plaintiffs were engaged in additional discovery battles with Defendant and T-Mobile, along with developing expert evidence, both in support of class certification and for trial.

**C.    Resolution framework as trial approaches**

16. Only after continued, hard-fought negotiations throughout the summer involving Ms. Yanni, together with the prospect of a fast approaching trial date, did the Parties reach an outline on the general terms of the Settlement. On July 2, 2013, the Parties jointly requested a thirty-day litigation stay so they could finalize negotiations and resolve the outstanding disputed issues. (ECF No. 81.)

17. Even after an agreement in principle was reached, the Parties had multiple telephone conferences with Ms. Yanni, where the Parties were instructed to make proposals and counterproposals, and be available for further telephonic conferences. The Parties continued to negotiate, and settlement term sheets underwent many drafts, flanked by further negotiations.

18. With discovery efforts ongoing and with procedural deadlines pending, only on August 8, 2013 did the Parties finally resolve their differences. On August 9, 2013, the Parties at last were able to jointly request the Court vacate pending dates in furtherance of completing their discussions documenting the settlement and filing an application for preliminary settlement approval. (ECF No. 85.)

19. As a result, the entire process was contested and involved significant disputed issues.

**IV.   The Settlement is a reasonable result for the Settlement Class**

20. Throughout the process detailed above, the Parties were made familiar with each other's claims, defenses, and factual and legal contentions, as well as each side's respective strengths and weaknesses. All Parties and their counsel were informed about the facts, the law, and the asserted claims and defenses, and acted in a manner ensuring the negotiations were arms' length and devoid of collusion, including being overseen and assisted by an experienced mediator.

21. I can attest the negotiations were protracted, and at times were contentious. On multiple occasions the negotiations reached a point where I believed settlement could not be achieved. I also can attest, and the Parties ensured, negotiation of and agreement to the proposed Plaintiff incentive awards did not occur until after the substantive terms of the Settlement had been negotiated and reached, and ultimately no agreement was reached on the amount to pay Class Counsel for fees and expenses, which will be determined by separate motion. This was one of the frameworks of the negotiations from the outset. Thus, such negotiations were structured to ensure there was no hint of potential conflict.

22. Based on Class Counsels' experience in complex class actions, the strength and weaknesses of Plaintiffs' claims, the extensive risk and expense of continued litigation, the analyses of experienced experts, and the likelihood of success at trial and on appeal, counsel for the Plaintiffs believe the Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

23. Absent settlement, Plaintiffs and Settlement Class Members face a risk of either no or *de minimus* recovery, and, even in the best case, long delays in receiving any recovery. This is especially true here, because Defendant opposes every aspect of Plaintiffs' claims. Among other things, Defendant challenges whether the alleged G2x Phone defects are the result of faulty hardware, and instead are the result of faulty operating software for which Defendant's warranty may not apply.

Defendant opposes Plaintiffs' theory of damages, particularly where Plaintiffs and Settlement Class Members continued to use and operate their G2x Phones. In its motion to dismiss, Defendant argued the Shutdown Defect and the Screen-Bleed Defect at issue here do not render the G2x Phones unfit for their ordinary purposes, and Defendant would have raised this and similar arguments at class certification, summary judgment, and trial, with no guarantee of success for Plaintiffs on these points. *Daubert* challenges to every aspect of the Settlement Class's theories concerning the defects in this case were likely. Approving this Settlement ensures the Settlement Class receives payment promptly and avoids such risks.

24.     In addition, the proposed Notice provides Settlement Class Members with alternatives, so they can make an informed decision on whether to accept the Settlement or to opt out and pursue their own claims.

## V.     The Settlement

25.     As described in the accompanying motion, Notice and Settlement Agreement, under the Settlement each Settlement Class Member who can verify that, between April 15, 2011 and the date of the Preliminary Approval Order, they purchased a G2x Phone and notified LGEMU or T-Mobile about the Shutdown Defect or the Screen-Bleed Defect, and continued to experience similar problems after such notice, shall be entitled to receive the following:

  a. a $19.00 payment made by Defendant to each Settlement Class Member who submits a timely and valid claim. Settlement Class Members who received multiple replacement G2x Phones and experienced one, or both, of the alleged defects may submit multiple claims and receive a cash payment for each defective phone if the replacement phone would otherwise qualify for a claim. The payment will be distributed as follows:

   i. before the end of the Claims Period, a claimant may submit a claim by mailing or electronically submitting a Claim Form under penalty of perjury to "Claims Administrator: c/o LG G2x Settlement," at an address to be established by the Claims Administrator, declaring the claimant was the purchaser of an eligible G2x Phone, and setting forth the claimant's name, address, telephone number, and the approximate date of purchase;

   ii. each claimant who submits a valid and timely claim is entitled to a cash payment. Such payments are not subject to a cap on the total number of claims;

   iii. all Notice and Claims Administration Expenses shall be paid by Defendant.

26. The amount of monies to which Settlement Class Members are entitled is within the range of damages I reasonably believe we could have obtained at trial, based on my understanding of the facts as developed during the course of this

9

JOHN LOWTHER DECLARATION 11-CV-1576

Litigation and analysis of the applicable law. Such a range went from zero if Defendant was correct on its arguments, to the cost of a non-defective replacement phone, which is presently between $20.00 and $50.00 as these phones are no longer sold by Defendant.

27. The Parties have negotiated a Short Form Notice and Claim Form to be mailed to the Settlement Class, and a Long Form Notice that will be available for consumers to access through the settlement website. The Claim Form also will be available for Settlement Class Members to submit claims online. The Short Form Notice and the Claim Form will be sent by first-class mail to the last known mailing address to all Settlement Class Members who can be identified with reasonable effort through Defendant's and T-Mobile's warranty and ownership records to inform them about the Settlement's terms, their rights under the Settlement, and the date of the Fairness Hearing, at which time the Court will consider whether to grant final approval of the Settlement and the application for payment of attorneys' fees and expenses and additional awards to Plaintiffs. The Notice directs Settlement Class Members to www.LGPhoneSettlement.com, where they can review the Settlement documents and submit a Claim Form electronically. The settlement website will contain the operative complaint, the Settlement Agreement, the Notices, Claim Form and other relevant litigation documents and orders. The Short and Long Form Notices and Claim Form were drafted to comply with the plain language provisions of the

Federal Judicial Center, which are available at http://www.fjc.gov. This settlement notice program is intended to provide the best practicable notice in light of the information available to Defendant, to wireless carrier T-Mobile, and to Plaintiffs. Drafts of the Short Form Notice and Claim Form, and the final Long Form Notice are attached to the Settlement Agreement as Exhibits A-1 to A-3, respectively.

28. The proposed Class definition for settlement purposes under Federal Rules of Civil Procedure 23(a) and 23(b)(3) are proper based on the following facts:

    a. the class is sufficiently numerous. During the course of discovery Plaintiffs determined T-Mobile, the sole wireless carrier who sold the G2x Phone, sold hundreds of thousands of G2x Phones to customers throughout the United States.

    b. common questions of fact and law predominate over individual issues in terms of whether this Settlement is fair, reasonable, and adequate. This primary factual issue is common to all Class members.

    c. there are sufficient minimum contacts with this State, for settlement purposes in terms of the significant number of Class members located here. In addition, based upon our analysis of the claims at issue and both Defendant's significant California contacts, we believe California law is such that to the extent a comparative law analysis is necessary to value this Settlement, application of California state law would not create a materially different result. Application of

California law would provide the best chance of a greater recovery compared with other states where such phones were distributed by Defendant and T-Mobile, if this Settlement is properly evaluated against what could be recovered under California law.

    d.    each class representative experienced the alleged defects in question and has not received a remedy other than a replacement phone that manifested the same issues. Plaintiffs have no irreconcilable conflicts of interest with absent Settling Class Members. Plaintiffs have the same basic claims, have been diligent in prosecuting this case, and have expended substantial time in helping to investigate the facts, travelled to Southern California to personally participate in at least one settlement conference, prepared discovery responses, produced documents, and have reviewed and approved the Settlement and otherwise kept apprised of case developments via regular communication with myself and my firm.

    e.    my firm, The Consumer Law Group of California, and the Glynn Law Group have substantial experience in consumer class actions, and I believe have adequately represented the Settlement Class and avoided any potential conflicts of interest. Our respective firm resumes are attached as Exhibits D-F.

    f.    due to the relatively small size of the claims at issue, few Persons would have an interest in individually controlling the prosecution of separate actions. There is a desire on both sides to maintain and resolve this action in a single forum

generally and in this forum in particular. Based on the Settlement, there are no difficulties likely to be encountered in the management of this action, nor any superior method of proceeding on a group-wide basis.

29. Based on such facts, I believe the requirements for certification of the proposed class, for settlement purposes, are all satisfied in this action.

30. As reflected in the Settlement, Class Counsel will apply to the Court for an award and reimbursement of their attorneys' fees and expenses for prosecuting the action. Defendant has reserved the right to challenge the amount (but not entitlement) of any such application. Attorneys' fees were not addressed in mediation or negotiations until the consideration to the Settlement Class had been fully determined. Class Counsel also will seek a payment for time and expenses to the Plaintiffs, not to exceed $2,500 per Plaintiff.

## VI.  Claims Administration

31. Class Counsel has been in contact with several claims administrators about being appointed as the Claims Administrator in this action. As part of the Preliminary Approval Order, the Parties agreed to Kurtzman Carson Consultants ("KCC"). I have worked with KCC before and believe they would be an excellent claims administrator, well qualified to be appointed by the Court to perform such services as part of the Preliminary Approval Order.

## VII. Conclusion

32. I believe this Settlement is the product of contentious settlement discussions, which were held in the utmost good faith and at arm's length. The action has been vigorously yet efficiently litigated, with qualified expert assistance and with the assistance of a nationally-recognized independent mediator. Our intent in crafting the Settlement was to provide ready compensation to claiming Settlement Class Members in a cost-efficient manner.

33. The proposed Notice program fully advises consumers of their options, so they can make an informed decision on whether to accept the Settlement, or to opt out and pursue their own claims, or to object to any part of the Settlement. I believe this result should be both preliminarily and finally approved by the Court.

I declare under penalty of perjury under the laws of the United States the foregoing is true and correct. Executed this 2nd day of October 2013 at San Diego, California.

          ___*/s/ John Lowther*_____
          John Lowther, Esq.

14
JOHN LOWTHER DECLARATION 11-cv-1576