# Exhibit A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement Agreement" or "Agreement") is made by and between: (1) defendant LG Electronics MobileComm U.S.A., Inc. ("Defendant" or "LGEMU") and (2) plaintiffs Terry Horvath, Jeremy Forsythe, Ronald Johnson, and Fred Montgomery ("Plaintiffs") and Class Counsel, on behalf of themselves and the Settlement Class to settle and compromise the Litigation and settle, resolve and discharge the Released Claims, as all those terms are defined below, according to the terms and conditions herein.

## RECITALS

WHEREAS, LGEMU is a corporation organized under the laws of the State of California and is engaged in the business of, among other things, marketing, warranting, distributing, and selling consumer electronic products, including the LG-P999 G2x mobile phones ("G2x Phone");

WHEREAS, on July 18, 2011, Plaintiff Horvath filed a class action complaint against LGEMU in the United States District Court for the Southern District of California, styled *Horvath v. LG Electronics MobileComm U.S.A., Inc.*, Case No. 3:11-cv-1576-H, which was amended to add the Plaintiffs and additional claims through the First Amended Class Action Complaint on November 17, 2011 (the "Complaint"). In the Complaint, Plaintiffs allege the G2x Phone suffered from design or manufacturing defects, causing the G2x to randomly freeze, crash, reset, or power off (the "Shutdown Defect"), and causing the G2x screen to bleed, or leak backlight from the edges of the phone's screen (the "Screen Bleed Defect"). Plaintiffs allege LGEMU failed to disclose the Shutdown Defect and Screen Bleed Defect in the G2x Phone, and asserted various claims against LGEMU, including violations of California's consumer protection statutes and breach of warranty;

1

WHEREAS, LGEMU denies each and every allegation made by Plaintiffs in the Litigation, denies any wrongdoing or liability of any kind, and has or would have asserted a number of defenses to Plaintiffs' claims.  LGEMU further believes it has, at all times, complied with all applicable federal and state laws and is not liable in any way for the claims asserted, but agrees the Settlement contemplated by this Settlement Agreement is a fair, reasonable, and adequate resolution of the Litigation and enters into it solely to avoid further expense, inconvenience and burden from this Litigation, and to avoid the uncertainty inherent in any complex litigation;

WHEREAS, as a result of the Litigation and the investigation conducted in advance of and during the course of the Litigation, the Parties are thoroughly familiar with the factual and legal issues presented by their respective claims and defenses, recognize the uncertainties as to the ultimate outcome of the Litigation, and acknowledge any final result may require years of additional litigation costs and other substantial expenses;

WHEREAS, Plaintiffs and Class Counsel believe the claims asserted in this Litigation possess merit and have examined and considered the benefits to be obtained under the proposed Settlement as set forth in this Agreement, the risks associated with the continued prosecution of this complex litigation, and the likelihood of ultimate success on the Litigation's merits. Class Counsel have conducted discovery of LGEMU and third parties, have investigated the facts and law relevant to the merits of the claims asserted in the Complaint, and conclude the proposed Settlement set forth in this Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class when weighed against what may be obtained through further litigation;

WHEREAS, in an effort to resolve their dispute, the Parties engaged in exhaustive mediation efforts before Catherine A. Yanni, Esq., an experienced mediator at Judicial

Arbitration and Mediation Services in San Francisco, California. The Parties participated in in-person settlement discussions with Ms. Yanni and substantial follow-on conversations as part of ongoing mediation efforts. Before engaging Ms. Yanni to facilitate this settlement, Plaintiffs and LGEMU also had met face to face and took part in two settlement hearings with Magistrate Judge Reuben B. Brooks. This Agreement was thus entered into after extensive arm's length discussions and negotiations between counsel for LGEMU, Class Counsel, the assigned Magistrate Judge and an experienced, independent mediator, taking place on numerous occasions for over a year;

WHEREAS, the Parties desire to settle the Litigation in its entirety with respect to all claims asserted in the Complaint, and the Parties intend this Agreement to bind the Released Persons and Plaintiffs, and all members of the Settlement Class who do not timely and validly request exclusion from the Settlement Class;

WHEREAS, the Parties agree that this Settlement and Agreement, and all negotiations related to them, shall not be deemed or construed to be an admission or evidence of any liability, wrongdoing or violation of any statute or law by LGEMU, or of the truth of any of the claims or allegations asserted by Plaintiffs;

WHEREAS, for purposes of this Settlement only, Plaintiffs and LGEMU agree to the certification of a Settlement Class as defined in this Agreement;

WHEREAS, the Parties desire and intend to seek Court approval of the Settlement of the Litigation as set forth in this Agreement and, upon such judicial approval, the Parties intend also to seek a final order and judgment from the Court dismissing the claims of all Plaintiffs and Settlement Class Members with prejudice;

NOW, THEREFORE, it is agreed as follows in consideration of the promises and mutual

covenants set forth in this Agreement and the entry by the Court of a final order and judgment approving the terms and conditions of the Settlement as fair, adequate and reasonable as set forth in this Agreement, and providing for dismissal with prejudice of the claims asserted in the Litigation under and subject to the terms and conditions contained herein.

1.      **DEFINITIONS**

As used in this Agreement and the accompanying exhibits, the following terms have the meanings set forth below.

1.1      "Class Counsel" means Doyle Lowther LLP, The Consumer Law Group of California, and the Glynn Law Group.

1.2      "Claims Administrator" means Kurtzman Carson Consultants, who the Parties agree to recommend the Court appoint as the claims administrator.

1.3      "Claim Form" means the claim form, with the language and substantially in the form set forth in Exhibit A-3 to this Agreement.

1.4      "Claims Period" means the time during which any Settlement Class Member may submit a Claim Form to the Claims Administrator, which date shall be set by the Court.

1.5      "Court" means the United States District Court for the Southern District of California.

1.6      "Defendant" means LG Electronics MobileComm U.S.A., Inc.

1.7      "Defense Counsel" means Defendant's counsel of record in the Litigation, Shearman & Sterling LLP, Cohen & Gresser LLP, Park & Jensen LLP, and all attorneys at each firm.

1.8      "Effective Date" means the first date by which any Judgment entered pursuant to the Agreement becomes Final.

1.9     "Final" means the date on which all appellate rights with respect to the Judgment have expired or have been exhausted in a manner that conclusively affirms the Judgment.

1.10    "Judgment" means the order or judgment of the Court dismissing this matter with prejudice as to Defendant and approving this Settlement, which order and judgment shall be substantially in the form agreed upon by the Parties and attached hereto as Exhibit A-5.

1.11    "Litigation" means the instant case captioned *Horvath, et al., v. LG Electronics MobileComm U.S.A., Inc.*, Case No. 3:11-cv-1576-H in the United States District Court for the Southern District of California.

1.12    "Notice" means the form of notice of this Settlement to the Settlement Class described in Section 4 below, substantially in the form of Exhibit A-1 (Long Form Notice) and Exhibit A-2 (Short Form Notice), as approved by the Court.

1.13    "Notice and Claims Administration Expenses" means all reasonable costs and expenses incurred in connection with preparing, printing, and disseminating the Notice, operating the settlement website and a toll-free telephone number, as well as processing claims and administering the Settlement, as set forth in further detail below.

1.14    "Notice Plan" means the plan for disseminating Notice to the Settlement Class as described in Section 4 below.

1.15    "Preliminary Approval Order" means the order to be entered by the Court pursuant to the Settlement, substantially in the form attached hereto as Exhibit A-4.

1.16    "Parties" means the Plaintiffs, on behalf of themselves and the Settlement Class, and Defendant.

1.17    "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association,

government or any political subdivision or agency thereof, any business or legal entity, and such individual's or entity's spouse, heirs, predecessors, successors, representatives and assignees.

1.18   "Plaintiffs" means the named representative plaintiffs in the Litigation, Terry Horvath, Jeremy Forsythe, Ronald Johnson, and Fred Montgomery.

1.19   "Proof of Claim" means the claims procedure described in Section 5 below.

1.20   "Released Claims" means any and all claims, demands, judgments, actions, suits, obligations, promises, rights, liabilities and causes of action, whether individual, class, or otherwise in nature, for damages whenever incurred, and for liabilities, including for penalties, fines, charges, costs, expenses, injunctive relief, declaratory relief, attorneys' fees, of every nature and description whatsoever, known or unknown, suspected or unsuspected, matured or unmatured, contingent or non-contingent, concealed or hidden from existence, asserted or unasserted, or based upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of different or additional facts, that any Plaintiff or Settlement Class Member ever had, has or may have against the Released Persons arising out of or relating to (i) the claims asserted in the Complaint, including the Shutdown Defect or the Screen-Bleed Defect in the G2x Phones, or (ii) the administration, allocation or distribution of the Settlement and any payments thereunder, including any disputes with respect to the validity of any claim or Claim Form. Claims for personal or bodily injury or property damage other than to the G2x Phone itself are expressly excluded from the claims that are being released.

1.21   "Released Persons" means Defendant LG Electronics MobileComm U.S.A., Inc., its parent companies, subsidiary companies, affiliated companies, divisions and component

suppliers, past and present parents, subsidiaries, divisions, departments, affiliates, stockholders, officers, directors, shareholders, attorneys, Defense Counsel, and the predecessors, heirs, executors, administrators, and successors of each of the foregoing.

1.22    "Settlement" means the settlement set forth in this Agreement.

1.23    "Settlement Class" means all Persons who reside in the United States who purchased an LG G2x Phone, who complained to LGEMU or T-Mobile about either the Shutdown Defect or the Screen-Bleed Defect at any time between April 15, 2011 and prior to entry of the Preliminary Approval Order, and who continued to experience similar problems after making such complaints. Excluded from the Settlement Class are:

a)      persons who validly and timely exclude themselves from the Settlement Class, using the procedure set forth in Section 6;

b)      any officer, director or employee of LGEMU or its parents, subsidiaries, and affiliates; and

c)      persons who have suffered personal or bodily injury or separate property damage as a result of either the Shutdown Defect or the Screen-Bleed Defect.

1.24    "Settlement Class Member" means a Person who falls within the definition of the Settlement Class.

1.25    "Settling Parties" means, collectively, the Defendant, the Plaintiffs, and all Settlement Class Members.

1.26    "T-Mobile" means T-Mobile USA, Inc.

## 2.    FACTORS CONSIDERED IN SETTLEMENT

2.1    Class Counsel conducted a thorough examination and investigation of the law and facts giving rise to this Settlement and the claims set forth therein. Plaintiffs and Class Counsel

recognize and acknowledge the expense and length of continued proceedings that would be necessary to prosecute the Litigation against Defendant through an uncertain trial and appeals. Plaintiffs and Class Counsel also took into account the uncertain outcome and the risk of any litigation, especially in complex nationwide class actions such as this Litigation, as well as the difficulties and delays inherent in such litigation. Plaintiffs and Class Counsel also considered the possible defenses to the claims asserted in the Litigation. Based on their evaluation of all of these factors, Plaintiffs and Class Counsel have determined that the Settlement is in the best interests of the Settlement Class Members, and Plaintiffs and Class Counsel believe that the proposed Settlement confers substantial benefits upon the Settlement Class. Arm's-length, adversarial settlement negotiations have taken place between Plaintiffs and Defendant with the material assistance of neutral mediators and, as a result, this Settlement has been reached, subject to Court approval.

**3.      SETTLEMENT CONSIDERATION**

3.1      Cash Payment: LGEMU will pay Settlement Class Members $19.00 for each G2x Phone for which each Settlement Class Members submits a timely and valid Claim Form.

3.2      Multiple Claims: Class Members who received multiple replacement phones, and experienced the Shutdown Defect, the Screen-Bleed Defect, or both defects in the replacement phone, may additionally submit a claim for each replacement phone.

3.3      Timing of Payment: The Claims Administrator will timely send to the Settlement Class Member, by first-class mail, all payments for timely and valid Claim Forms in the form of a check.  The Parties may agree to set up an escrow account to facilitate such payments.  Any such escrow account will be governed by an escrow agreement the Parties mutually agree to.  All consideration to Settlement Class Members who submit a timely and valid Claim Form shall be

paid pursuant to this Settlement as soon as administratively feasible, but no later than sixty (60) days after the Effective Date for any complete and undisputed claims, and one hundred and twenty (120) days after the Effective Date for any deficient or disputed claims.

3.4     Effect on Existing Warranties or Customer Satisfaction Programs: Except as expressly provided herein, nothing in this Agreement will be construed as adding to, diminishing or otherwise affecting any warranty, duty, or contractual obligation of Defendant or T-Mobile in connection with the G2x Phones.

3.5     Releases: (a) Upon the Effective Date, Plaintiffs and Settlement Class Members, and each of them, forever release, discharge and covenant not to sue the Released Persons regarding any of the Released Claims, which shall be understood to include all such claims which they do not know of or suspect to exist in their favor at the time of this release and which, if known by them, might have affected their settlement and release of the Released Persons or might have affected their decision not to object to this Agreement. In this regard, the Parties stipulate and agree that Plaintiffs and Settlement Class Members shall expressly waive and relinquish Released Claims to the fullest extent permitted by law, including claims covered by: (i) Section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release which if known by him or her must have materially affected his or her settlement with the debtor.

and (ii) any law of any state or territory of the United States, federal law, or foreign or international law, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code. The releases set forth in this Agreement shall apply whether or not Plaintiffs and Settlement Class Members objected to the Settlement and whether or not they make a claim upon or avail themselves of the Settlement.

(b)   Upon the Effective Date, the Released Parties fully, finally and forever discharge Plaintiffs and Class Counsel from all claims by Defendant relating to, arising from, or connected with the institution, prosecution, or assertion of the Litigation, except for claims relating to the enforcement of the Settlement Agreement which are expressly reserved.

(c) The Settling Parties acknowledge that the foregoing waivers and releases were bargained for and are a material element of the Agreement.

3.6    (a) Class Counsel will request the Court approve the payment of attorneys' fees and reimbursement of expenses to them as set forth in Section 8 herein, which amounts shall not reduce the amount to be paid to the Settlement Class Members. (b) Class Counsel will request the Court award an additional payment to each of the Plaintiffs, in an amount not to exceed $2,500 each, to compensate the Plaintiffs for their services as class representatives in this Litigation. Defendant agrees it will pay and not oppose the payment of such amounts to Plaintiffs, if approved by the Court.  Defendants retain the right to appeal attorney's fees and costs that the Court may award to Class Counsel or other counsel to Plaintiffs.

## 4.    NOTICE TO THE SETTLEMENT CLASS

4.1    The Claims Administrator shall be responsible for implementing the Notice Plan. As a condition of its retention, the Claims Administrator must agree that (a) it will fulfill all responsibilities and duties assigned to the Claims Administrator under the terms of this Agreement, and (b) Plaintiffs, Class Counsel, Defendant, and the Released Persons reserve all claims and rights for any failure by the Claims Administrator to fulfill its responsibilities and duties.

4.2    (a)    The Claims Administrator shall send the Short Form Notice, attached hereto as Exhibit A-1, and Claim Form, attached hereto as Exhibit A-3, via first-class mail to the

last-known mailing address of all persons who purchased the G2x Phone and for whom LGEMU or T-Mobile has contact information. Such notice shall disclose the existence and nature of the Litigation and the proposed Settlement, shall inform Settlement Class Members of the procedures and deadlines for filing Objections, expressions of intent to appear at the Final Approval Hearing or to request exclusion as set forth therein, the effect of the Settlement, and the date of a hearing on whether the Settlement should be granted final approval and whether any fee application of Class Counsel should be granted.

(b)      No later than thirty (30) days after the execution of this Agreement, LGEMU and T-Mobile shall provide, to the extent available, to the Claims Administrator in computer readable format the names and mailing addresses contained in LGEMU's and T-Mobile's databases. The Claims Administrator shall update all mailing addresses, both for any initial mailing and for returned undelivered mail received by the Claims Administrator, using all reasonably available national databases so as to ensure the most accurate mailing addresses are used for disseminating notice to persons who may be Settlement Class Members. Initial mailing of the Short Form Notice and Claim Form shall be completed not more than fourteen (14) days after the Preliminary Approval Order is entered by the Court.

(c)      For a period commencing from no later than the mailing of the Notice and ending ninety (90) days after the last date any payments are mailed to Settlement Class Members, unless otherwise agreed or ordered, the Claims Administrator shall maintain a separate website dedicated to this Settlement. The website shall be accessible by mobile devices, contain downloadable copies of the Long Form and Short Form Notices, Settlement Agreement, Claim Form, and a list of Frequently Asked Questions. The settlement website shall also include a section that permits Settlement Class Members to electronically submit a Claim Form to the

Claims Administrator. The Long Form Notice will also be available in Spanish for download. Class Counsel may post a link to the Settlement Administrator's website on Class Counsel's own websites.

(d) The Claims Administrator also shall arrange to establish a toll-free telephone number for the purposes of the Claims Administrator responding to Settlement Class Member inquiries regarding the Settlement. The Claims Administrator shall provide a copy of the Long Form Notice and Claim Form to any Settlement Class Member who telephonically requests the Notice and Claim Form.

4.3    Within ten (10) days after filing the Settlement Agreement with the Court, the Claims Administrator shall serve upon the appropriate official in each State of the United States, and the appropriate Federal official, a notice of the proposed Settlement consisting of all of the materials required by the Class Action Fairness Act, 28 U.S.C. § 1715. LGEMU will ensure all the materials needed to comply with this requirement are provided to the Claims Administrator sufficiently in advance of this deadline so that the Claims Administrator can comply with this requirement.

4.4    No later than thirty (30) days prior to the Final Approval Hearing, and additionally as needed, the Claims Administrator shall provide declarations to Class Counsel and Defendant for filing with the Court confirming the Claims Administrator has complied with the provisions of this Section. The Claims Administrator, both on a weekly basis until the Final Approval Hearing and upon request, shall provide to Class Counsel and Defense Counsel information and data concerning the number of requests for exclusion received, the number of Claim Forms submitted, the amount of each claim and related claims information, such that Class Counsel and Defendant's counsel may inspect and monitor the claims process.

4.5     The Parties shall agree on language announcing the settlement and to respond to any inquiries from the press. Nothing in this paragraph shall be deemed to prevent Class Counsel from communicating with Plaintiffs and potential Settlement Class Members or their counsel, or any appropriate State or Federal public officials and discussing the nature, benefits and reasons for this Settlement with them.

4.6     Defendant will pay all Notice and Claims Administration Expenses incurred in effectuating the Settlement, including but not limited to all costs for first-class mailed notice to all persons who purchased a G2x Phone as set forth above and for operating and maintaining the settlement website and toll-free telephone number as set forth in this Section. Defendant shall timely pay all invoices for Notice and Claims Administration Expenses received from the Claims Administrator.

## 5.     CLAIMS ADMINISTRATION AND CLAIMS PROCEDURE

5.1     Settlement Class Members who believe they are eligible to receive monetary reimbursement under the terms of this Settlement will be directed to submit the Claim Form and any applicable documentation to the Claims Administrator.

5.2     All Claim Forms must be submitted within the Claims Period, which date shall be set by the Court. Any Settlement Class Member who fails to submit a Claim Form by (and including) the last day of the Claims Period shall be forever barred from receiving any reimbursement under the terms of this Agreement, unless otherwise agreed. A Claim Form shall be deemed to have been submitted when postmarked, if received with a postmark indicated on the envelope and if mailed first-class postage prepaid and completed in accordance with the instructions contained in this Agreement, or on the date of any electronic confirmation of submission of a Claim Form.

5.3     The Claims Administrator will be responsible for implementing and administering reimbursement claims by Settlement Class Members, including, but not limited to receiving and conducting a validation screening of claims to determine timeliness of submission, completeness of a Claim Form or Proof of Claim, any other requested information and confirm or deny the Settlement Class Member's eligibility for monetary reimbursement. The Claims Administrator shall determine the extent, if any, to which each claim shall be accepted and allowed in accordance with the terms of this Agreement and shall provide all persons who timely submit a Claim Form the ability to resolve any identified deficiencies. Within thirty (30) days of the Effective Date, the Claims Administrator shall notify in writing any claimant whose Claim Form has been rejected, in whole or in part, setting forth the reasons for the rejection, as well as providing notice of the claimant's right to contest the rejection and the opportunity to cure any deficiency. Claim Forms that are incomplete (*e.g.*, because of the lack of an adequate proof of claim) or are not approved for payment by the Claims Administrator will not undergo the claim validation process until the Claim Form is complete or any identified deficiency has been cured.

5.4     Claims Submission: (a) A Settlement Class Member submitting a Claim Form must submit the following information if it is not already completed on the Claim Form:

(1)     name, address and telephone number;

(2)     approximate date of purchase of the G2x Phone; and

(3)     a sworn verification they experienced the Shutdown Defect, the Screen-Bleed Defect, or both defects, and notified either LGEMU or T-Mobile about either defect, and that they thereafter experienced similar defects.

(b) Settlement Class Members who received a replacement G2x Phone must verify on their Claim Form that they received a replacement G2x Phone due to a complaint about either the

Shutdown Defect or the Screen Bleed Defect.

(c) Settlement Class Members who did not receive a replacement G2x Phone but claim to have experienced the Shutdown Defect, the Screen Bleed Defect, or both need to provide a record of the complaint they submitted to either LGEMU or T-Mobile or provide on the Claim Form a verification that the Settlement Class Member lodged such a complaint with either LGEMU or T-Mobile. Defendant reserves the right, prior to payment of such claims, to verify such a statement by accessing either its or T-Mobile's records.

5.5    Claim Forms that do not meet the requirements set forth in this Agreement and in the Claim Form shall be rejected. Reasons for rejection shall include, but are not limited to, failure to accurately provide in good faith any requested information and being unable to cure such a deficiency or being unable to verify a record of a complaint by accessing either Defendant's or T-Mobile's records. The Claims Administrator shall notify the Settlement Class Member in writing that their Claim Form has been preliminarily rejected, the reasons for that rejection, and advise them of the ability to cure any identified deficiencies and the deadline for doing so.

5.6    If any Settlement Class Member whose Claim Form has been preliminarily rejected, in whole or in part, desires to contest such a determination or seek to cure any deficiency noted, such Person must, within thirty (30) days after the date of mailing of the notice of deficiency or rejection of the Claim Form, mail to the Claims Administrator a notice and statement of reasons indicating the Person's grounds for contesting the rejection and provide any information required to cure any deficiency, along with any supporting documentation, and requesting further review by the Claims Administrator of the preliminary denial of the claim. If a Settlement Class Member does not respond to the Claims Administrator within thirty (30) days,

their Claim Form will be finally rejected without any further action or notification. If a timely response is received to any notice of rejection or deficiency by the Claims Administrator, it shall review the additional materials submitted and thereafter make a final determination as to the completeness of the Claim Form. The Claims Administrator shall provide written notification to the Settlement Class Member of any final determination, either by a letter of final rejection or payment of the claim.

5.7 No monetary reimbursement or other consideration shall be paid to a particular Settlement Class Member pursuant to this Settlement until after: (a) the Effective Date has occurred; and (b) a final determination of the completeness of the Claim Form has been made by the Claims Administrator.

5.8 If this Settlement is not approved or if for any reason the Effective Date does not occur, no monetary reimbursement payments or distributions of any kind shall be made pursuant to this Settlement, except for payment or reimbursement of any already incurred Notice and Claims Administration Expenses, and any costs reasonably necessary to complete and wind down the notice and claims administration process.

## 6. OBJECTIONS AND REQUESTS FOR EXCLUSION BY SETTLEMENT CLASS MEMBERS

6.1 Any Settlement Class Member who intends to object to the fairness, reasonableness and adequacy of the Settlement ("Objection") must send a written Objection to the Court and mail a copy to Class Counsel and Defense Counsel by first-class mail with postage prepaid. Objections must be postmarked no later than twenty-one (21) days prior to the Final Approval Hearing. In the Objection, the objecting Settlement Class Member must: (a) set forth the Person's full name, current address and telephone number; (b) identify the approximate date of acquisition and serial number of the Person's G2x Phone(s); (c) submit a declaration signed

by the Settlement Class Member confirming such person understands that the Person is a Settlement Class Member, is submitting an Objection and has not filed a request to be excluded from the Settlement Class; (d) set forth a complete statement of all legal and factual bases for any Objection that the objector wishes to assert; (e) provide copies of any documents that the Person wishes to submit relating to the Objection; and (f) set forth the name and case number of all Objections to class action settlements made by the Person submitting the Objection, and that Person's counsel, in the past five (5) years. In addition, if objecting Settlement Class Members wish to appear at the final approval hearing, they must state in writing whether they intend to appear at the hearing either with or without separate counsel. Objections must be filed with the Court and served upon:

Defense Counsel at:

> James Donato, Esq.
> Shearman & Sterling LLP
> Four Embarcadero Center
> Suite 3800
> San Francisco, CA 94111

And Class Counsel at:

> William J. Doyle, Esq.
> Doyle Lowther LLP
> 10200 Willow Creek Road
> Suite 150
> San Diego, CA 92131

6.2     Settlement Class Members who fail to file and serve timely written Objections in the manner and containing the information specified above on or before the date specified in the Preliminary Approval Order and Notice, or on such other date set by the Court, shall be deemed to have waived any Objections and shall be foreclosed from making any Objection (whether by appeal or otherwise) to the Settlement.

6.3     Settlement Class Members may elect to exclude themselves from this Settlement, thereby relinquishing their rights to participate in the monetary benefits of this Settlement but not releasing any of their claims against any of the Released Persons. A Settlement Class Member wishing to be excluded from the Settlement Class must send a letter in writing to the Claims Administrator that must include (a) the name of the case; (b) the Person's name, current address, mobile telephone number or G2x Phone serial number, and signature; (c) a clear statement communicating that the Person elects to be excluded from the Settlement Class. Any request for exclusion must be postmarked on or before twenty-one (21) days prior to the Final Approval Hearing. The date of the postmark on the return-mailing envelope shall be the primary means used to determine whether a request for exclusion has been timely submitted. Settlement Class Members who fail to submit a valid and timely request for exclusion on or before the date specified in the Preliminary Approval Order and Notice, or on such other date set by the Court, shall be bound by all terms of the Settlement and the Court's Final Judgment.

6.4     Any Settlement Class Member who submits a timely request for exclusion may not file an Objection to the Settlement. Prior to the Effective Date, a Person may withdraw a written request for exclusion. If a Person fails to make a timely withdrawal of a written request for exclusion, that Person shall be deemed to have waived any rights, benefits or obligations provided for under this Agreement.

6.5.    No later than five (5) days after the deadline for submission of requests for exclusion, the Claims Administrator shall provide to Class Counsel and Defense Counsel a complete list of Persons who submitted requests for exclusion to the Claims Administrator, together with copies of the exclusion requests if requested by counsel.

7.      **SETTLEMENT HEARINGS**

7.1      Promptly after execution of this Agreement, Plaintiffs will submit the Agreement, together with its exhibits, to the Court and will request that the Court issue an Order, substantially in the form attached hereto as Exhibit A-4, preliminarily approving the Settlement, certifying the Settlement Class for settlement purposes only, appointing the Claims Administrator, approving the forms of Notice substantially in the forms attached hereto as Exhibits A-1 and A-2, directing the parties and the Claims Administrator to undertake the Notice Plan as set forth herein, and setting deadlines for filing papers with the Court and for the Final Approval Hearing, submitting Claim Forms, Objections and requests for exclusion, and enjoining the filing or prosecution of any related actions asserting the Released Claims.

7.2      Following expiration of the deadline for Objections and requests for exclusion from the Settlement as approved by the Court and set forth in the Notice, the Court shall hold a hearing to finally determine whether the Settlement is fair, reasonable and adequate, to consider the views of Settlement Class Members, to finally certify the Settlement Class, to enter a Judgment, and to consider any fee and expense application or application for payments to Plaintiffs to be submitted by Class Counsel ("Final Approval Hearing").

8.      **APPLICATION FOR PAYMENT OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND PAYMENTS TO CLASS REPRESENTATIVES**

8.1      Class Counsel shall file a motion with the Court to approve payment of their attorneys' fees, costs, and all other expenses related to the Litigation. Such motion shall be considered at the same time, or after, the Final Approval Hearing and shall be submitted to the Court pursuant to a schedule set forth in the Preliminary Approval Order. Defendant reserves the right to oppose the payment of some or all such amounts requested as unreasonable, but shall not challenge the entitlement to Class Counsel to request such amounts as a "prevailing party."

8.2     Class Counsel will request the Court award an additional payment to each of the Plaintiffs, in an amount not to exceed $2,500 each, to compensate the Plaintiffs for their services as class representatives in this Litigation. Defendant agrees it will pay and not oppose the payment of such amounts to Plaintiffs, if approved by the Court.  Defendant retains the right to appeal attorney's fees and costs that the Court may award to Class Counsel or other counsel to Plaintiffs.

8.3     The Parties agree the amount determined in connection with Paragraphs 8.1 and 8.2 shall represent LGEMU's all-inclusive, full payment for all attorneys' fees, costs, and all other expenses in relation to the Litigation to be paid to counsel for Settlement Class Members and Class Counsel. The amount described in Paragraphs 8.1 and 8.2 shall constitute full satisfaction of Defendant's obligation to pay any person, attorney or law firm for attorneys' fees, costs, and all other expenses in relation to the Litigation. Defendant shall not have any responsibility or liability whatsoever with respect to the allocation among Class Counsel, or any other person who may assert some claim thereto, of attorneys' fees, costs and all other expenses awarded.

8.4     Any amounts awarded by the Court to Class Counsel and any payments to the Plaintiffs as set forth in paragraphs 8.1 and 8.2 above shall be paid by Defendant to Class Counsel within fourteen (14) days of the date of the Judgment unless appealed by Defendant.

## 9.     DENIAL OF WRONGDOING AND LIABILITY

9.1     Defendant denies the factual allegations and legal claims asserted by Plaintiffs in the Litigation, including, but not limited to, any and all charges of wrongdoing or liability arising from any of the conduct, statements, acts or omissions alleged in the Litigation relating to the Released Claims, and by entering into this Agreement do not concede fault or admit liability as

to any such Released Claims.

## 10.    CONDITIONS FOR EFFECTIVE DATE; EFFECT OF TERMINATION

10.1    If this Agreement is not preliminarily or finally approved by the Court or the Settlement is terminated or fails to become effective in accordance with the terms of this Agreement, the Settling Parties will be restored to their respective positions in the Litigation as of the date of the Agreement. In such event, the terms and provisions of this Agreement will have no further force and effect and will not be used in this Litigation or in any other proceeding for any purpose to the fullest extent permitted by law, and any Judgment or order entered by the Court in accordance with the terms of this Agreement will be treated as automatically vacated without further Court order, *nunc pro tunc*.  If the Parties have established an escrow account, all funds placed therein by Defendant will be promptly returned pursuant to the escrow agreement.

## 11.    BEST EFFORTS

11.1 The Parties and their counsel agree to cooperate fully with one another and to use their best efforts to effectuate the Settlement, including, without limitation, in seeking preliminary and final Court approval of the Agreement and the Settlement embodied herein, carrying out the terms of this Agreement, obtaining Settlement Class Member identification information from T-Mobile, promptly submitting all requested information to the Claims Administrator, and promptly agreeing upon and executing all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement and to carry out the terms of the Settlement.

## 12.    MISCELLANEOUS PROVISIONS

12.1    The Parties intend the Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The Settlement compromises claims that

are contested and will not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Parties agree that the consideration provided to the Settlement Class and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, and reflect a Settlement that was reached voluntarily after consultation with adequate legal counsel.

12.2    To the fullest extent permitted by law neither this Agreement nor the Settlement, nor any negotiation or communication, act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement, is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any of the Released Claims, or of any wrongdoing or liability of any Released Persons, or the lack of merit of any claims asserted in the Complaint; or is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, regulatory body or other tribunal. Any Released Person may file this Agreement and the Judgment in any action that may be brought against it in order to support any defense or counterclaim, including, without limitation, those based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12.3    All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information will survive this Agreement.

12.4    Any and all exhibits to this Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

12.5    This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

12.6    This Agreement and any exhibits attached hereto constitute the entire agreement among the Parties and supersede any prior drafts thereof. Except as otherwise provided herein, the Parties will bear their own respective attorneys' fees, costs, and expenses.

12.7    Each counsel or other Person executing this Agreement or any of its exhibits on behalf of any Party hereby warrants that such Person has the full authority to do so.

12.8    This Agreement may be executed in one or more counterparts. All executed counterparts, and each of them, will be deemed to be one and the same instrument. A complete set of original counterpart will be filed with the Court.

12.9    This Agreement will be binding upon, and inure to the benefit of, the successors and assigns of the Parties.

12.10    The Court shall retain continuing and exclusive jurisdiction over the Parties and all Settlement Class Members, and over the administration and enforcement of the Settlement. Any disputes or controversies arising with respect to the interpretation, enforcement, or implementation of this Agreement must be resolved by motion or application to the Court.

12.11    No Settlement Class Member or other Person shall have any claim against Plaintiffs, Defendant, Class Counsel, Defense Counsel, the Released Persons, the Settlement Administrator, or any agent designated by Counsel for the Settlement Class based on any eligibility determinations, distributions or payments so long as they are made substantially in accordance with this Agreement or any Orders of the Court or any appellate court.

12.12    The Parties hereby agree and stipulate to stay all proceedings in this Litigation until the approval of this Agreement has been finally determined by the Court, except the stay of proceedings shall not prevent the filing of any motions, declarations and other matters necessary for the approval of this Agreement.

12.13   None of the Parties, or their respective counsel, will be deemed the drafter of this Agreement or its exhibits for purposes of construing the provisions thereof. The language in all parts of this Agreement and its exhibits will be interpreted according to its fair meaning, and will not be interpreted for or against any of the Parties as the drafter thereof.

12.14   The plural of any defined term includes the singular, and the singular of any defined term includes the plural, as the case may be.

12.15   This Agreement and any exhibits hereto will be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of California without giving effect to that State's choice-of-law principles.

*Intentionally Left Blank*

IN WITNESS WHEREOF, the Parties have executed and caused this Agreement to be executed by their duly authorized attorneys, dated ~~September 26~~, 2013.

x _____

William J. Doyle II
bill@doylelowther.com
DOYLE LOWTHER LLP
10200 Willow Creek Road, Suite 150
San Diego, CA 92131
Tel:    (858) 935-9960
Fax:    (858) 939-1939

*Counsel for Plaintiffs and for the Settlement Class*

x _____

James Donato
jdonato@shearman.com
SHEARMAN & STERLING LLP
Four Embarcadero Center, Suite 3800
San Francisco, CA 94111
Tel:    (415) 616-1100
Fax:    (415) 616-1199

*Counsel for Defendant LG Electronics MobileComm
U.S.A., Inc.*